## UNITED STATES v. TURNER.
### No. 425.

Circuit Court of Appeals, Second Circuit.
May 29, 1933.

Samuel J. Siegel, of New York City, for appellant.

George Z. Medalie, U. S. Atty., of New York City (William W. Prager, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellant's conviction is challengeable for error in the charge to the jury which requires our reversal and a new trial. The indictment contained six counts. He was acquitted on the first and second counts and convicted on the third count; the others were dismissed.

The third count charged him with unlawfully, willfully, knowingly, and fraudulently receiving and concealing and facilitating the transportation and concealment of heroin knowing the same to have been imported and brought into the United States contrary to law. The first count charged him with selling the same heroin when not in the original stamped package, and the second count charged him with selling the heroin mentioned in the first count contrary to the law without a written order upon a form issued in blank for that purpose by the Commissioner of Internal Revenue of the United States. He was thus acquitted of the sale of that which he was charged with receiving, concealing, and transporting, knowing the same to have been imported, as stated in the third count.

The evidence of the government was, in substance, that September 28, 1932, appellant was seen entering an apartment house where he lived, and just before that time he spoke to one Dougher, who was standing on the street nearby, and when the appellant came out he joined Dougher, walked around the corner, and gave him a small package, and in turn Dougher handed him a bill which he placed in his pocket. Appellant was then arrested, and the package of narcotics was found in Dougher's pocket and a $5 bill in appellant's pocket. The appellant's explanation was that he met Dougher as described and asked him for a loan of some "stuff," and Dougher gave him a package. He went upstairs, used it there, and came down again and returned what was left to Dougher, for which he gave him a bill. It may well be that the jury was satisfied with appellant's explanation, since they acquitted him on the first and second counts charging him with having sold the drug to Dougher.

After the completion of the main charge, the appellant requested the court to charge that "if the jury find, from all the evidence, that Turner, when he received the drug from Dougher, did not know that it had been imported and brought into the United States contrary to law, and that Turner did not well know this fact, they must acquit him under the third count of the indictment," which the court refused, saying: "The only reason I deny it is by reason of the presumption of fact which Congress has placed in the statute."

The statute, title 21, § 174 U. S. Code (21 USCA § 174) provides in part: "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

The jury, after some deliberation, returned for instructions, and the following took place:

"The Court: Gentlemen, I have your inquiry, 'Will you please advise us if the defendant admits possession, is he automatically guilty of the third count?'

"The answer to that is that if you find that he received or concealed the narcotics here in question and he has not satisfied you that his receipt thereof was lawful and for a lawful purpose and that he was entitled so to have them under the law, as I have given it to you here, then you may find him guilty under that count of the indictment. Does that answer your query?

"The Foreman: But the idea is not the whole of the third count, just the possession of it. We understand he admitted he had possession of it.

"The Court: He admitted that he received it from Dougher.

"The Foreman: From him, and it was passed to him openly, it was not concealed.

"The Court: All right. Even if he received it, or if he concealed it, the question there is simply was it concealed or not, but if he did either or both or one, and he has not explained it to you to your satisfaction, to show that he received it lawfully, as I have indicated to you, he may be convicted under that count of the indictment.

"Mr. Siegel: May I take an exception to your Honor's instruction, and may I say to your Honor that in the charge, in the third count of the indictment—

"The Court: The third count?

"Mr. Siegel: The third count specifically charges that he must have received it, knowing that it was wrongfully imported into the United States.

"The Court: And I have already told them that the presumption of fact is that it was so imported.

"Mr. Siegel: But the presumption is one which is a rebuttable presumption, it is not an irrebuttable presumption.

"The Court: I know, but there is no evidence here to rebut the presumption.

"Mr. Siegel: Yes, there is testimony of the absolute knowledge. He so testified on direct that it was not wrongfully imported into the United States.

"The Court: But there is no evidence to show that it was imported lawfully, that is direct testimony which will overturn this presumption on which he may be convicted.

"Mr. Siegel: Yes. I say to your Honor that it is a question of fact for the jury that if he says he had no knowledge that it was wrongfully imported, the jury can find that the presumption, the rebuttable presumption, is overthrown. Surely your Honor does not say that we could not rebut the presumption;

that is, it throws the burden on the defendant to explain the possession."

And again:

"Mr. Siegel: Yes, sir, and the situation is that the indictment charges—the indictment specifically charges that he had the possession and concealed it, knowing that it was wrongfully imported under that section, and he testified on his direct examination that he did not have any knowledge of such.

"The Court: You may have an exception."

■ Thus, during this discussion, the court's instruction to the jury directed them to find the appellant guilty if he did not explain to the jury's satisfaction what was meant by the receipt of the drug lawfully. But the court did not charge the jury with reference to whether or not the appellant at the time he received the goods from Dougher had knowledge of the fact that it had been wrongfully imported into the United States. Whether he received it for a lawful or unlawful purpose was not the sole question involved. Whether he received it for a lawful or unlawful purpose at the time, if when he had possession of it he did not have knowledge that it had been wrongfully imported into the United States, he could not have been found guilty of the charge in the third count of the indictment.

The court charged the jury that there was no evidence to rebut the presumption. This was erroneous because the appellant had testified that, when he borrowed the drug from Dougher and used a portion of it, he did not know that it had been unlawfully imported into the United States. The court stated: "But there is no evidence to show that it was imported lawfully, that is direct testimony which will overturn this presumption on which he may be convicted."

Thus the jury were advised that, to overcome the presumption, the burden was upon the appellant to establish that the drug which he says he used was lawfully brought into the United States. This is contrary to the statute, which provides that such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury. U. S. v. Mule, 45 F.(2d) 132 (C. C. A. 2); Morlen v. United States, 13 F.(2d) 625 (C. C. A. 9); Boyd v. United States, 30 F. (2d) 900 (C. C. A. 9).

To convict the appellant it was an essential part of the government's case, aided by the presumption, to show unlawful importation of the drug and his knowledge there-

of. His explanation of his possession and his denial of knowledge that the drug was unlawfully imported were for the jury, and, under the charge as given, this was not submitted to the jury.

Judgment reversed.