## UNITED STATES v. MOE LISS.
### No. 341.

Circuit Court of Appeals, Second Circuit.
June 19, 1939.

Sanford H. Cohen, of New York City (George Cohen, of New York City, of counsel), for appellant.

Vine H. Smith, U. S. Atty., of Brooklyn, N. Y. (James G. Scileppi and Frank J. Parker, both of Brooklyn, N. Y., of counsel), for the United States.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The appellant and his wife were indicted for violations of the narcotic laws. The first count charged them with facilitating the transportation and concealment of 48 cubes of morphine after the same had been imported into this country in violation of law, with knowledge of unlawful importation, in violation of the Jones-Miller Act, 21 U.S.C. § 174, 21 U.S.C.A. § 174. The second count charged them with purchasing and selling morphine outside the original stamped package, in violation of the Harrison Act, 26 U.S.C. §§ 1040–1054, 1383–1391, 26 U.S.C.A. §§ 1040–1054, 1383–1391. At the trial the evidence for the government consisted of the testimony of police officers of the City of New York who made a search of the apartment occupied by the defendants and found the morphine hidden in a hole below the floor. Prior to trial the appellant's wife moved to suppress the evidence on the ground of unlawful search and seizure, and at the trial the appellant made objections on the same ground, but the motion and objections were overruled. The appellant took the stand and testified that he used narcotics, that he had obtained the morphine from a friend for his own use and had placed it in the hole, that he did not import it and did not know whether it had been imported into the country by others. The appellant's attorney, in summing up at the close of the case, said to the jury, "I say that the defendant Moe Liss is guilty of the second count of the indictment". The trial judge then asked whether the defendant pleaded guilty to the second count, to which the attorney responded that the defendant Moe Liss did so plead. In charging the jury, the judge said that Moe Liss had pleaded guilty to the second count and that the jury should consider only the first count as to that defendant. The jury acquitted the wife, but found the appellant guilty on the first count. He was sentenced to ten years on the first count and five years on the second, the sentences to run concurrently.

■ The appellant says that he did not plead guilty to the second count. The point urged is that he was not asked directly whether he pleaded guilty and did not himself utter any words or make any signs. But he was present and said nothing when his attorney told the jury that he was guilty on the second count and told the judge that he pleaded guilty to that count. He was also present and said nothing when the judge told the jury that he had pleaded guilty to the second count. The appellant could not have misunderstood. the significance of what was taking place. No exception was taken before or after verdict. The plea of guilty to the second count was sufficient. We pass to the appellant's grievances over his conviction on the first count.

■ It is said that the court erred in denying the motion to suppress the evidence of the finding of the morphine, for unlawful search and seizure. The moving papers on the appellant's behalf showed that the raid was conducted by police officers of the City of New York, but the appellant's wife gave it as her belief that federal agents were also present and that the entire affair was at the instance of federal agents. In the answering affidavits by the police officers it was stated that no federal agents were present, that federal agents did not inspire the search, that the entry into the house was to question the appellant about a murder and to look for concealed weapons. When these positive statements are contrasted with the mere belief of the appellant's wife, it is plain that the court below did not err in finding that the search was the activity of state officers, that federal agents did not cooperate, and that no case for suppression of the evidence seized was made out on the preliminary motion. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915C, 1177; Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159.

■■ The appellant also complains that at the trial the court deprived him of the chance to show by cross-examination of the police officers that the raid had been instigated by federal agents. We take it that if the raid had been inspired by federal agents, a case for suppression of the evidence seized would have been made out, Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520, and that the appellant was therefore within his rights in seeking to develop at the trial that federal

narcotic agents had been at the bottom of the affair. Hall v. United States, 9 Cir., 41 F.2d 54. But the judge did not block this effort. He gave the appellant's attorney latitude along this line in cross-examination of the police officers. He did sustain objections to a number of questions put to the officers by the appellant's attorney, and the appellant makes much of this; but the questions were in part repetitious, in part remote and in part objectionable in form. We cannot say that the rulings of the judge on cross-examination deprived the appellant of the right to probe the possibility of federal participation in the search, or that the rulings went beyond the bounds of a fair control of cross-examination.

It is also claimed that the court erred in charging the jury on the first count, for violation of the Jones-Miller Act. That Act makes it a crime to import a narcotic drug into the United States contrary to law or to receive, conceal, buy, sell or facilitate the transportation, concealment or sale of any such drug after importation, knowing the same to have been imported contrary to law, and goes on to say: "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

In his charge the judge read the statute to the jury and added: "That means if it is in their possession they will have to explain that it came to them legally, and without that explanation you would be authorized to convict these defendants." He also charged that it was for the defendant to show "a lawful purchase or possession" of the drug. The appellant took an exception to this part of the charge, whereupon the judge said again that the possession to be explained was "legal possession".

By force of the statute, possession of narcotics gives rise to an inference that the narcotics were imported contrary to law and a further inference that the person in possession had knowledge of such unlawful importation. The inferences are reasonable enough to save the statutory provision from the charge of unconstitutionality. Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904. A defendant on trial may overcome these inferences by satisfactory proof that in his case possession of narcotics did not involve a violation of the statute, either because the narcotics were not imported contrary to law or because he had no knowledge of unlawful importation. So it is accurate to say that the explanation of possession, if it is to serve the defendant's purpose, must not only be believed by the jury but must also be one that shows a possession lawful under the statute. Rosenberg v. United States, 9 Cir., 13 F.2d 369; Hooper v. United States, 9 Cir., 16 F.2d 868; Howard v. United States, 7 Cir., 75 F.2d 562. See, also, Yee Hem v. United States, supra, at 268 U.S. page 184, 45 S.Ct. 470, 69 L.Ed. 904. It goes without saying that Congress did not intend that an explanation which showed guilty knowledge by the defendant would suffice. The charge in the present case was a sound statement of the law. We find nothing directly to the contrary in United States v. Turner, 2 Cir., 65 F.2d 587. As the final sentence of that opinion makes clear, the charge was held erroneous because it withdrew from the jury the defendant's attempted explanation.

Affirmed.