## UNITED STATES v. FEINBERG.

### Nos. 7721, 7722.

Circuit Court of Appeals, Seventh Circuit.

Nov. 26, 1941.

426

Geo. D. Sullivan, Paul Craig, Everett Jennings, and Leo Klein, all of Chicago, Ill., for appellants.

J. Albert Woll, U. S. Atty., and Mary D. Bailey, both of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is an appeal from judgments rendered on verdicts of guilty upon an indictment charging Sol Feinberg and Emma Ludwig, the defendants with violating narcotic laws. They were charged with fraudulently receiving, concealing, buying and facilitating the transportation of narcotics after unlawful importation thereof, in violation of the Narcotic Drugs Import and Export Act, 21 U.S.C.A. § 174, and with conspiracy to violate the Narcotic Drugs Import and Export Act, 18 U.S.C.A. § 88. The jury found Feinberg guilty on counts 17 and 32 and Ludwig on counts 16, 17, 18, 19, 20 and 32. Count 32 charged the conspiracy. To reverse the judgments, appellants separately appealed.

In the trial court Ludwig's defense was that she did not know the narcotics had been unlawfully imported into the United States, while Feinberg defended on the ground that he did not sell nor had he assisted in the selling of the narcotics.

At the trial the evidence for the Government consisted of the testimony of several addicts, two narcotics agents and three other witnesses. Whether the evidence was sufficient to establish guilt beyond a reasonable doubt, or whether it was equally consistent with innocence or guilt, were matters for the jury. The jury believed the witnesses for the Government and brought in verdicts of guilty, thus establishing the fact that the defendants had fraudulently and knowingly facilitated the transportation of morphine and that the defendants had assisted in the buying and selling of heroin hydrochloride: Feinberg on March 11, 1941, and Ludwig on five specific dates mentioned in the substantive counts of the indictment.

Counsel for defendant Ludwig insists that the record does not contain any evidence whatever of importation of the narcotics nor of any knowledge on the part of the defendant of such importation. He bases his argument upon the fact that Em-

ma Ludwig testified that she did not know the drugs had been imported or where they had come from. We do not think the contention is tenable.

■ In the instant case possession of the heroin was admitted by the defendant Ludwig and the proof showed that none of the exhibits bore United States Government Revenue Stamps as required for all narcotics drugs manufactured in the United States. The statute under which the indictment is found declares that when, on trial for a violation thereof, the defendant is shown to have, or to have had, possession of the narcotic drugs, such possession shall be deemed sufficient evidence to authorize a conviction unless defendant explains the possession to the satisfaction of the jury. By force of the statute, possession of narcotics gives rise to an inference that the narcotics were imported contrary to law and a further inference that the person in possession had knowledge of such unlawful importation. True it is, a defendant on trial may overcome these inferences by satisfactory proof that in his case possession of narcotics did not involve a violation of the statute, either because the narcotics were not imported contrary to law or because he had no knowledge of unlawful importation. The explanation of possession, however, if it is to serve the defendant's purpose, must not only be believed by the jury but must also be one that shows a possession lawful under the statute. United States v. Moe Liss, 2 Cir., 105 F.2d 144; and Biegler v. United States, 7 Cir., 86 F.2d 41.

Both defendants next contend that the allegations of the last count, charging a conspiracy to violate the Narcotic Drugs Import and Export Act, was not proved. They assert that if the Government proved anything, it proved a number of different and disconnected smaller conspiracies.

■ The indictment charges a conspiracy between these defendants and 14 other persons. Counsel for the defendants argue that some of the defendants were strangers to each other. Even so, a conspiracy is determined by the design of the parties who originate it, and when a new person joins, if the purposes remain the same, it continues to be the single venture which it was before. Kaplan v. United States, 2 Cir., 7 F.2d 594, 596. In our case the proof showed that Manuel Menendaz took Dorothy Sullivan to Ludwig's home for the purpose of enabling her to make connections with peddlers of narcotics. Ludwig made the connections and Sullivan purchased the heroin from Feinberg and from others. Since there was a general plan in which all of the defendants participated, it is immaterial when any of the parties entered or whether some of those participating were strangers to each other, Coates v. United States, 9 Cir., 59 F.2d 173; they were all engaged in a common unlawful purpose and each and all contributed their part to the criminal conspiracy. Jezewski v. United States, 6 Cir., 13 F.2d 599; Anstess v. United States, 7 Cir., 22 F.2d 594; and Zito v. United States, 7 Cir., 64 F.2d 772.

■ Furthermore, even if the conspiracy charge had not been proved, that fact could not avail the defendants. There was but one sentence, and it did not exceed that which might properly have been imposed under any one count. Roberts v. United States, 8 Cir., 96 F.2d 39.

■ Finally, counsel for Feinberg contends that the court erred in charging the jury. It appears that Feinberg introduced testimony in support of his general reputation for truth and veracity and as being a law abiding citizen. The court informed the jury that such evidence was permissible and was to be considered by the jury as a circumstance in the case along with all other facts and circumstances in evidence. We perceive no error in so instructing the jury. Allen v. United States, 7 Cir., 4 F.2d 688; United States v. Kelley, 2 Cir., 105 F.2d 912; and 68 A.L.R. 1076.

Being convinced that no error has intervened justifying a reversal, the judgments of the District Court will be affirmed.