Daniel Harold GRIEGO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6826.

United States Court of Appeals
Tenth Circuit.

Jan. 10, 1962.

846

Eugene Deikman, Denver, Colo., for appellant.

Lawrence M. Henry, U. S. Atty. for District of Colorado, Denver, Colo., for appellee.

Before LEWIS and BREITENSTEIN, Circuit Judges, and CHRISTENSON, District Judge.

BREITENSTEIN, Circuit Judge.

Appellant-defendant Griego appeals from a judgment entered on a jury verdict finding him guilty on all four counts of an indictment charging the receipt, concealment, and sale of unlawfully imported narcotic drugs in violation of 21 U.S.C.A. § 174. The sole ground urged

for reversal is that the trial court erred in its instructions to the jury.

So far as pertinent Section 174 reads:

"Whoever * * * knowingly * * * receives, conceals, buys, sells, * * * any such narcotic drug after being imported * * * knowing the same to have been imported * * * contrary to law * * * shall be imprisoned * * *.

"Whenever * * * the defendant is shown to * * * have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

Evidence for the government was that defendant told a federal narcotics agent that he could obtain heroin for the agent and did so on four occasions with money furnished by the agent. On each occurrence the defendant withheld some of the heroin to use in the satisfaction of

his own addiction. The defendant took the stand in his own defense, admitted the transactions in question, and denied knowledge of the unlawful importation of the heroin.

In his instructions the trial judge, after referring to the second paragraph of Section 174, told the jury that denial of knowledge of unlawful importation, standing alone, was not a defense and that the only sufficient explanation was one which convinced the jury that the defendant came into possession of the heroin legally.[1] Timely and adequate objections were made by defense counsel to this portion of the charge.

The constitutionality of Section 174 has consistently withstood challenge.[2] The government urges that denial of knowledge, standing alone, is not sufficient as a matter of law to require submission of the question of knowledge to the jury because it is not accompanied by an assertion of legal possession.[3] Additionally the government contends that

---

1. The material portions of the instructions were these:

"* * * So, if you find beyond a reasonable doubt that the defendant so had possession, knowingly and fraudulently of the heroin described in the indictment, or any substantial portion thereof, then you will be warranted in giving effect to the statutory presumption, and you may presume that the narcotic had been imported and brought into the United States contrary to law, and you may presume that the defendant knew it had been brought into the United States unlawfully. And in such cases, it is not necessary that the Government otherwise prove the unlawful importation or that the defendant knew the heroin was unlawfully imported.

"Now, this presumption would follow as a matter of law, if you are satisfied beyond a reasonable doubt that the defendant had possession of the heroin as I have defined such possession to you.

"Now, this presumption may be overcome if the defendant explains to your satisfaction that the possession of the heroin came to him legally. In the absence of an explanation by the defendant which satisfies you that the defendant did come into possession of the heroin legally, that is, in accordance with law, you are authorized to convict the

defendant. The fact, if it be a fact, that the defendant did not know that the heroin was imported or brought into the United States contrary to law, is not standing alone a defense if you find from the evidence beyond a reasonable doubt that the defendant had possession of the heroin."

2. See Velasquez v. United States, 10 Cir., 244 F.2d 416, 418–419, and cases there cited.

3. See United States v. Feinberg, 7 Cir., 123 F.2d 425, certiorari denied 315 U.S. 801, 62 S.Ct. 626, 86 L.Ed. 1201, and United States v. Moe Liss, 2 Cir., 105 F.2d 144. Cf. Yee Hem v. United States, 268 U.S. 178, 182, 45 S.Ct. 470, 471, 69 L.Ed. 904, affirming a conviction under statutes now superseded by 21 U.S.C.A. §§ 174 and 181 in a case where the court instructed the jury that it devolved on the defendant to explain "that he was rightfully in possession," and Casey v. United States, 276 U.S. 413, 418, 48 S.Ct. 373, 72 L.Ed. 632, affirming the constitutionality of that portion of the Harrison Narcotic Act now found at 26 U.S.C. § 4704 and saying that it was reasonable to call on a person possessing narcotics to show that he obtained them in a mode permitted by law.

the Narcotic Control Act of 1956 [4] by declaring all heroin to be contraband makes lawful possession impossible and hence precludes the possibility of a satisfactory explanation.

 The essential elements of the crime charged are: (1) receipt, concealment, or sale of heroin by the defendant; (2) unlawful importation of the heroin by some one; and (3) the defendant's knowledge of such unlawful importation.[5] Receipt, concealment and sale of the heroin were established by the prosecution's evidence and are not controverted by the defendant. To sustain the presence of the other two elements the government relies on the second paragraph of Section 174. While the provisions of that paragraph have been referred to as a statutory presumption, actually they do no more than make proof of possession prima facie proof of the elements of the crime. Such was our holding in Velasquez v. United States.[6] Prima facie proof is always rebuttable. The effect of the second paragraph is to insulate the prosecution against the hazard of a directed verdict when nothing more than possession is proved and to authorize, but not require, conviction when possession, not satisfactorily explained, is established.

 If, as the government contends, the satisfactory explanation provision of that second paragraph requires evidence of lawful possession which cannot be made because heroin is contraband, then proof of knowing possession [7] with dominion and control over the heroin [8] is conclusive, not prima facie, proof of the commission of the crime. Such construction involves constitutional difficulties. Congress no doubt has broad powers pertaining to the receipt of evidence in federal courts and may make proof of one fact prima facie proof of another fact as a matter of public policy when there is a rational connection between the fact proved and the fact inferred.[9] Still, by the use of that power, Congress may not go beyond the powers delegated to the federal government under the Constitution of the United States. Congress may control traffic in narcotic drugs in accordance with its power over interstate and foreign commerce and under its tax power but its ability to declare mere possession of a narcotic drug unlawful is doubtful. In this connection it should be noted that the Narcotic Control Act of 1956, while declaring heroin to be contraband, imposes penalties only for border crossings and the use of communication facilities.

 The acceptance of the government's position would make it impossible for a defendant, in a case such as this, to controvert one of the essential elements of the crime. The due process implications are apparent. To avoid constitutional problems the second paragraph of Section 174 must not be construed as denying to a defendant the right to contest an essential element of the crime with which he is charged. Such we believe to be the effect of holdings of the Supreme Court. In Harris v. United States,[10] the Court, in considering a conviction under Section 174, said that the " * * * petitioner could, by offering evidence tending to controvert one presumption or the other as to the ultimate facts, have earned an acquittal * * *." Yee Hem v. United States, supra, quotes with approval Mobile, Jackson & Kansas City R. R. v. Turnipseed, 219 U.S. 35, 43, 31 S.Ct. 136, 138, 55 L.Ed. 78, wherein the Court,

4. 18 U.S.C. §§ 1401–1407.

5. Harris v. United States, 359 U.S. 19, 23, 79 S.Ct. 560, 3 L.Ed.2d 597.

6. See note 2, supra.

7. Cf. Guevara v. United States, 5 Cir., 242 F.2d 745, 746–747.

8. Cf. United States v. Malfi, 3 Cir., 264 F.2d 147, 150, certiorari denied 361 U.S. 817, 80 S.Ct. 57, 4 L.Ed.2d 63; and Bergedorff v. United States, 10 Cir., 37 F.2d 248, 249.

9. Casey v. United States, 276 U.S. 413, 418, 48 S.Ct. 603, 72 L.Ed. 632; Yee Hem v. United States, 268 U.S. 178, 184, 45 S.Ct. 470, 69 L.Ed. 904.

10. See note 5, supra.

after referring to a statutory presumption said:

> " * * * it must not, under guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defense to the main fact thus presumed."

█ The defense here is that the defendant had no knowledge of the unlawful importation of the heroin. The subjective character of knowledge is such that the statement of the individual accused of having particular knowledge is substantial evidence. At the same time it is probable that many narcotic offenders can testify truthfully that they had no knowledge of unlawful importation. Those so engaged are not concerned with the primary sources of the contraband commodity. It is a reasonable inference from the testimony of the defendant in this case that he neither knew nor cared to know the source of the heroin. While negligence is not sufficient to charge a person with knowledge, one may not wilfully and intentionally remain ignorant of a fact, important and material to his conduct, and thereby escape punishment.[11] The test is whether there was a conscious purpose to avoid enlightenment.[12] The instant situation is comparable to that presented in Spurr v. United States, 174 U.S. 728, 735, 19 S.Ct. 812, 43 L.Ed. 1150, where a bank officer was charged with violation of the banking laws and asserted in defense that he lacked knowledge of the status of certain accounts. The Court, after pointing out

that the accused may not remain "grossly indifferent in his duty in respect to the ascertainment" of the facts, held in effect that he was entitled to have his defense of no knowledge considered by the jury under proper instructions.

██ This conforms to the general rule that in a criminal case instructions are erroneous if they exclude from jury consideration an affirmative defense as to which evidence has been received.[13] As the instructions given in the case at bar violate this rule, the judgment must be reversed.

█ This disposition of the case does not mean that upon retrial the court should exclude from the instructions all reference to the second paragraph of Section 174.[14] In the circumstances of this case the jury should be instructed on the tendered defense of no knowledge and told that the defense is not available if the jury finds from all the evidence beyond a reasonable doubt that the defendant had a conscious purpose to avoid learning the source of the heroin. Further, to be effective as a defense the denial of knowledge must be believed by the jury. If the jury finds the defense available and believes the denial, the defendant should be acquitted. If the jury finds the defense not available or disbelieves the denial, then, in accordance with the second paragraph of Section 174, the jury may convict if it is satisfied beyond a reasonable doubt that the defendant had possession.

Reversed and remanded for a new trial.

11. United States v. Erie R. R. Co., 3 Cir., 222 F. 444, 450, 451.

12. United States v. General Motors Corporation, 3 Cir., 226 F.2d 745, 749.

13. Smith v. United States, 6 Cir., 230 F. 2d 935, 939; and Coleman v. United States, 5 Cir., 167 F.2d 837, 841. Cf.

Morissette v. United States, 342 U.S. 246, 274–275, 72 S.Ct. 240, 96 L.Ed. 288.

14. See Caudillo v. United States, 9 Cir., 253 F.2d 513, 518, certiorari denied 357 U.S. 931, 79 S.Ct. 1375, 2 L.Ed.2d 1373; Morgan, "Instructing the Jury Upon Presumptions and Burden of Proof," 47 Harv.L.Rev. 59, 83; and McCormick on Evidence, § 321, pp. 681–685.