Ray CASIAS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6877.

United States Court of Appeals
Tenth Circuit.

April 17, 1962.

James W. Heyer, Denver, Colo., for appellant.

Yale Huffman, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., and Arthur L. Fine, Asst. U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PICKETT and HILL, Circuit Judges, and CHRISTENSON, United States District Judge.

PER CURIAM.

The defendant, Casias, was convicted on two counts of an indictment charging him with the receipt, concealment and sale of narcotic drugs unlawfully imported into the United States, in violation of 21 U.S.C.A. § 174. He contends on appeal: (1) that he could not receive a fair and impartial trial because any jury selected from the panel of available jurors would have to include some members who had, during the term, participated in and voted for convictions in similar cases in which the same government witnesses testified; (2) that the court erred in refusing to allow the jury to view the premises where the alleged sale of narcotics occurred; and (3) that the instructions of the court were not sufficient to present the defense of lack of knowledge on the part of the defendant of the unlawful importation of narcotics.

Subsequent to the trial of this case, we considered the sufficiency of a similar instruction in a narcotics case, and held that "the defendant's knowledge of such unlawful importation" is an essential element of the crime charged, and the refusal to give a proper instruction on the defense of lack of knowledge is error. Griego v. United States, 10 Cir., 298 F.2d 845.[1] Upon the authority of Griego v. United States, supra, the conviction must be set aside.

1. In discussing an offered instruction on the defense of lack of knowledge of the unlawful importation of the narcotics, the trial court in the instant case said:

"But the only thing that bothers me about your instruction is the last phrase having to do with no knowledge of unlawful importation. If that is the law, we had better find it out, because that hasn't been what this Court has been instructing in these cases. In other words, pure lack of knowledge of whether it has been unlawfully imported or not is not the basis upon which this Court has been instructing."

**514**

We find no abuse of discretion in the court's refusal to permit the jury to view the premises where the alleged violation took place. United States v. Pinna, 7 Cir., 229 F.2d 216; United States v. Pagano, 2 Cir., 207 F.2d 884. As to the question relating to the jury panel it is unlikely that the same problem will arise on retrial, and it is not necessary to consider it here.

Reversed and remanded for a new trial.