UNITED STATES of America,
Appellee,

v.

Alexander NORTON, Defendant-
Appellant.

No. 140, Docket 27635.

United States Court of Appeals
Second Circuit.

Argued Nov. 27, 1962.

Decided Nov. 30, 1962.

Thomas Barrett Leary, New York City, for defendant-appellant.

Gerald E. Paley, Asst. U. S. Atty., Southern District of New York, New York City (Vincent L. Broderick, U. S. Atty., and Andrew T. McEvoy, Jr., Asst. U. S. Atty., on the brief), for appellee.

Before LUMBARD, Chief Judge, and CLARK and KAUFMAN, Circuit Judges.

PER CURIAM.

Alexander Norton appeals from his conviction by Judge Metzner, sitting without a jury, under 21 U.S.C. §§ 173, 174 for concealing or transporting heroin, and under 18 U.S.C. § 1403 for using a communication facility in committing a federal narcotics offense.

On December 6, 1961, Norton was arrested and heroin was found in his possession. At the trial, the government showed possession and relied upon the evidentiary rule in 21 U.S.C. § 174 which permits conviction unless the defendant explains the possession to the satisfaction of the jury.

Norton took the stand and admitted he had heroin in his possession at the time of his arrest. He said he had bought it from a man named Sam on 126th Street, Manhattan, and that on other occasions he had purchased larger quantities of narcotics up to one ounce from a man named Sarge. Denying that he knew, at the time of his arrest, that narcotics were imported, he admitted that he had read about illegal importation of heroin from Italy. He testified that he believed that narcotics were produced in California or New York. Judge Metzner found Norton guilty; he made no findings of fact. Appellant argued that the trial judge should have made more detailed findings with respect to the defendant's explanation of his possession of the heroin. We disagree.

It is obvious that Judge Metzner found Norton's explanation unsatisfactory, and to do so was well within his province. United States v. Gibson, 310 F.2d 79 (2 Cir., 1962). The presumption is not overcome as a matter of law merely because a defendant testifies that he did not

 

know that narcotics were imported illegally and gives as the source of the illegal drugs the name of someone whose existence and identity are not further established. The trial judge is not required to accept such an explanation as a rebuttal of the statutory presumption.

The appellant's other contentions are without merit.

We express our appreciation to assigned counsel, Thomas Barrett Leary, Esq., for his conscientious representation of the appellant.

Affirmed.