Manuel CHAVEZ, a/k/a Joe Paiz,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19365.

United States Court of Appeals
Ninth Circuit.

March 10, 1965.

Robert R. Harlan, Sacramento, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge:

Manuel Chavez, also known as Joe Paiz, was convicted after a jury trial, and sentenced, on two counts of an indictment charging violations of section 2(c) of the Narcotic Drugs Import and Export Act, as amended, 70 Stat. 570 (1956), 21 U.S.C. § 174 (1958).[1] On this appeal from the judgment of conviction and sentence, Chavez presents several questions pertaining to the statutory presumption, under section 174, arising from proof that the defendant had possession of the narcotic drugs in question.

■ In order to convict Chavez of a violation of section 174 on either of these counts the Government needed to prove three ultimate facts: (1) that at Sacramento, on or about July 31, 1963, Chavez sold or concealed, or facilitated the sale, concealment or transportation of, the described quantity of heroin; (2) that the heroin had been imported contrary to law; and (3) that Chavez knew the heroin had been imported unlawfully. See Harris v. United States, 359 U.S. 19, 23, 79 S.Ct. 560, 3 L.Ed.2d 597; Brothers v. United States, 9 Cir., 328 F. 2d 151, 152–153.

■ The Government produced substantial evidence tending to prove the first of these elements. It produced no direct evidence in proof of the second and third elements. It did, however, present substantial evidence that, on the date in question, Chavez had actual possession of the quantities of heroin described in the two counts of the indictment. This proof of possession brought into operation the statutory presumption provided for in the second paragraph of section 174.[2] As a result, the jury was entitled to presume that the heroin had been imported contrary to law, and that Chavez knew this, unless Chavez were then able to explain his possession of the heroin to the satisfaction of the jury. See Yee Hem v. United States, 268 U.S. 178, 183–184, 45 S.Ct. 470, 69 L.Ed. 904; Brothers v. United States, supra at 153– 154.

With regard to the second element of the offense, illegal importation of the heroin, Chavez made no effort to prove that the narcotics were not imported, or that they were lawfully imported. Thus there was no attempt to rebut the presumption, arising from possession, that the heroin had been imported contrary to law. As to the third element, however, namely defendant's knowledge that the drugs had been unlawfully imported, Chavez testified that he did not know the heroin had been illegally imported.

While the instructions were being settled out of the presence of the jury, the trial court indicated its view that appellant's mere denial of knowledge of unlawful importation of the heroin in question, even if believed by the jury, would not constitute an explanation of possession within the meaning of the second

1. Count one charged that, on or about July 31, 1963, in Sacramento, California, Chavez sold, concealed and facilitated the sale, concealment and transportation of approximately .310 grams of heroin which had been imported contrary to law as Chavez well knew. In count 2 the same charge was made with reference to a transaction occurring at Sacramento on the same day, involving approximately 2.010 grams of heroin.

2. The second paragraph of section 174 reads:
"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

paragraph of section 174. The explanation would be adequate, the court ruled, only if it consisted of affirmative evidence showing legal importation or that appellant's possession was lawful.

In keeping with this view of the law, the court instructed counsel for Chavez not to argue to the jury that, if they believed Chavez' denial of knowledge of illegal importation, the presumption was overcome and Chavez should be acquitted. Also in conformity with this construction of section 174, the court, over timely objection, after referring to the presumption created by section 174, instructed the jury:

> "I instruct you further that a mere denial by the Defendant that he had knowledge that the drug was illegally imported into the United States does not constitute an explanation of possession within the meaning of the statute involved, and in the absence of other evidence to show legal importation or that the Defendant's possession was lawful, such a denial is insufficient to overcome the presumption that the importation was illegal and that the Defendant knew the drug possessed by him was illegally imported." [3]

Chavez contends that the trial court erred in curtailing argument in his behalf in the manner described, in giving the quoted instruction and in refusing to give the instruction set out in note 3.

■ The second paragraph of section 174, quoted in note 2, creates a statutory presumption making possession of the drugs in question prima facie evidence of guilt. Yee Hem v. United States, supra at 183, 184, 45 S.Ct. 470. This means that once the defendant is found to have had possession, the fact finder may deem each of the three elements of a section 174 offense, set forth above, prima facie proved. Brothers v. United States, 9 Cir., 328 F.2d 151, 153–154; Hernandez v. United States, 9 Cir., 300 F.2d 114, 118–119.

But, as the term prima facie indicates, the statute does not establish a conclusive presumption. It is rebuttable. Rosenberg v. United States, 9 Cir., 13 F.2d 369; Griego v. United States, 10 Cir., 298 F.2d 845, 848. Nor does the presumption, when applicable, shift to the defendant the burden of proof as to any element of the crime. United States v. Sorenson, 2 Cir., 330 F.2d 1018, 1021. It merely shifts to the defendant the burden of going forward with his defense. Roviaro v. United States, 353 U.S. 53, 63, 77 S.Ct. 623, 1 L.Ed.2d 639; United States v. Gibson, 2 Cir., 310 F.2d 79, 81.

■ How, then, is the defendant to rebut this presumption? Ordinarily a fact, established prima facie by operation of a presumption, may be rebutted by evidence that the fact is otherwise. But the difficulty with the section 174 presumption is that the statutory language is somewhat cryptic. The second paragraph of that section does not provide, in clear-cut terms, that proof of possession establishes prima facie each ele-

---

**3.** Consistent with the action of the court in giving this instruction, the court refused to give the following instruction requested by Chavez:

"In this case, among other things, the Defendant denies that he knew that the heroin in question was imported or brought into the United States contrary to law.

"If you find that the presumption of U.S.C. 174 applies against the Defendant but also find that from the Defendant's testimony as well as any other evidence that the fact is that the Defendant did not know that the narcotics in question had been imported or brought into the United States contrary to law, you are to find the Defendant not guilty on each count, even though you may find that in all other particulars he did those things charged in the indictment; for the Government must prove each and every one of the elements of the crime as charged and one of the elements that must be proved by the Government is that the Defendant knew that the narcotics in question had been imported or brought into the United States contrary to law.

"U.S.C. 174."

ment of the offense. Instead, it provides that " * * * such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

■ The words "to the satisfaction of the jury," considered by themselves, provide nothing in the way of a general standard or guide. So far as this language is concerned, each jury would be left at large to decide what it will accept as an explanation of possession sufficient to avoid conviction. But clearly Congress did not intend to leave it to each jury to convict or acquit in accordance with its particular notion as to what kind of an explanation would be acceptable. See Rivera v. United States, 1 Cir., 327 F.2d 791, 792. Nor could such a construction of the statute withstand a constitutional challenge.[4] Courts have therefore found it necessary to give meaning and content to this statutory language by specifying what kind of an explanation a jury may accept as adequate, and what kind it may reject as inadequate.

As stated above, the trial court solved the problem by holding that the only kind of an explanation of possession which a jury may accept as adequate is one consisting of substantial evidence showing that the drug had been legally imported or that defendant's possession of it was lawful. There is language in two decisions of this court which lend some support to this view, although in neither case was the question of whether the presumption could be overcome by testimony denying such knowledge specifically in issue. See Hernandez v. United States, 9 Cir., 300 F.2d 114, 118; Rosenberg v. United States, 9 Cir., 13 F.2d 369, 370. In Jackson v. United States, 8 Cir., 330 F.2d 679, the court approved an instruction similar to the kind given here, but in discussing the

matter seemed to be primarily concerned with the constitutional problem.

A contrary view was expressed by this court in Bradford v. United States, 9 Cir., 271 F.2d 58. We there said, at page 62:

"If the defendant's contention had been that he had had possession of the heroin, but had not known that it was unlawfully imported, * * * then the instructions of the Court that 'there is no explanation in the United States for the possession of heroin' would have been clearly prejudicial."

■ In Bradford, as in the Hernandez and Rosenberg cases, the issue was not specifically before the court. But it was definitely in issue in Griego v. United States, 10 Cir., 298 F.2d 845, 848–849; United States v. Feinberg, 7 Cir., 123 F.2d 425, 427; and United States v. Turner, 2 Cir., 65 F.2d 587, 588. In each of those cases it was held that testimony by the defendant that he did not know the drugs were illegally imported, if believed, may be accepted by the jury as rebutting the presumption, arising from a finding of possession, that he had such knowledge.

The latter view finds support in what the Supreme Court said in Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597. In that case, while the defendant took the witness stand, he offered no explanation of his possession because he denied possession, relying on an alibi. The court there said, at page 23, 79 S.Ct. at page 564:

" * * * under the second count [based on section 174], the prosecution was obligated to prove three ultimate facts: (1) that the heroin was received and concealed; (2) that it had been imported contrary to law; and (3) that petitioner knew of the unlawful importation. * * * Instead of limiting his proof to an

4. Such a challenge was advanced in Gonzales v. United States, 9 Cir., 162 F.2d 870, 871, but was rejected on the authority of the Yee Hem v. United States,

268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904; See also, Caudillo v. United States, 9 Cir., 253 F.2d 513, 515.

alibi, petitioner could, by offering evidence tending to controvert one presumption or the other as to the ultimate facts, have earned an acquittal * * *."

Analysis of section 174, we believe, confirms the construction placed upon that statute in the Harris, Bradford, Griego, Feinberg and Turner decisions and demonstrates the error in the construction adopted by the district court.

The words of the second paragraph reading " * * * unless the defendant explains the possession to the satisfaction of the jury," do not provide that a jury is entitled to be satisfied only if the defendant proves that the importation is legal or that his possession is lawful under the laws generally. Therefore, if that judicial gloss is to be added, it must be for the reason that section 174, read as a whole, indicates such a meaning. In our opinion, however, the statute read as a whole disproves such a construction.

As before stated, the first paragraph of section 174 sets out three essential elements of the crime. If a finding of possession entitles the jury to convict unless such possession is explained, it must be because such possession creates a presumption that each of the three essential elements has been established prima facie. This being true, then an explanation of possession consisting of evidence warranting a finding that one or more of these elements has not, in fact been established would, as to such elements, rebut the presumption.

On the other hand, if once the presumption comes into operation, it can be rebutted only by proof of legal importation or legal possession, the element of knowledge of illegal importation has been read out of the statute. It is just as if, despite the specification of the three essential elements of the crime, no one of which necessarily involves the fact of possession, possession is nevertheless to be regarded, in and of itself, as a violation of the statute, unless proved to have been lawful. Yet this cannot be. In both Harris v. United States, 359 U.S. 19, 23, 79 S.Ct. 560, 3 L.Ed.2d 597, and Roviaro v. United States, 353 U.S. 53, 63, 77 S.Ct. 623, 1 L.Ed.2d 639, it was expressly held that the statutory presumption does not reduce the offense to one of mere possession. See also, Rodella v. United States, 9 Cir., 286 F.2d 306, 311.

Moreover, such a reading of the statute would, as the district court recognized, render the presumption in practical effect conclusive.[5] This is true because, under 18 U.S.C. § 1402 (1958), enacted as a part of the Narcotic Control Act of 1956, 70 Stat. 572, all heroin in the United States outstanding in 1956 was required to be surrendered. Today possession of heroin may be lawful only if imported for delivery to certain governmental, national or specially licensed officials. See Hernandez v. United States, 300 F.2d 114, 118, note 11.

In Griego v. United States, 10 Cir., 298 F.2d 845, the Tenth Circuit called attention to this necessary result from such a construction of section 174. The court, in Griego, pointed out that this would not only run counter to the established rule that the presumption is rebuttable and only establishes the Government's case prima facie, but would also give rise to constitutional difficulties. See also, United States v. Gainey, 85 S.Ct. 754, dealing with a somewhat similar statutory presumption arising under section 5601(b) (2) of the Internal Revenue Code of 1954, 26 U.S.C. § 5601(b) (2).

The district court expressed the view that section 174 would be ineffective if a jury were told it could acquit on the basis of a defendant's testimony, standing alone, that he did not know the narcotics were illegally imported. This overlooks certain practical aspects of trials for violations of section 174. Fre-

---

5. The trial judge also told counsel that he realized that, in so ruling, he was taking from Chavez one of his defenses— the defense that he did not know the drugs were unlawfully imported.

quently the defendant does not take the witness stand. When he does he often relies on a defense such as alibi, as in Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597, which precludes him from testifying as to his knowledge concerning importation. If he does testify that he did not have such knowledge, the fact finder is not required to believe him. Bradford v. United States, 9 Cir., 271 F.2d 58, 62; United States v. Norton, 2 Cir., 310 F.2d 718, 719; Walker v. United States, 5 Cir., 285 F.2d 52, 58–60.

If the defendant so testifies, and is believed by the jury, then the Government has failed to prove an essential element of the offense and the jury should acquit. The essential elements were written into the statute by Congress. The courts have no warrant to read one of those elements out of the statute because of a feeling that it is too difficult of proof, or that the presumption establishing the element prima facie is too easy to rebut.

The judgment is reversed and the cause is remanded with directions to grant Chavez a new trial.