UNITED STATES of America, Plaintiff-Appellee,

v.

Robert CHRISTION, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Henry L. FRAZIER, Defendant-Appellant.

Nos. 24373, 24395.

United States Court of Appeals, Ninth Circuit.

May 14, 1970.

Leonard Gang, Las Vegas, Nev., for Christion.

V. DeVoe Heaton, of Albright & Heaton, Las Vegas, Nev., for Frazier.

Robert S. Linnell (argued), U. S. Atty., Las Vegas, Nev., for appellee.

Before CHAMBERS, JERTBERG, and BROWNING, Circuit Judges.

PER CURIAM:

Defendants' constitutional challenge to the inference authorized by 21 U.S.C. § 174 as applied to heroin cases is disposed of by Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (January 20, 1970).

We agree with defendants, however, that prejudicial error occurred in instructing the jury regarding the inference.

The jury was informed that the "explanation of possession to the satisfaction of the jury," referred to in section 174, was an explanation of "innocent" possession. This is not the law. Even if the defendant's possession of narcotic drugs is unlawful, the jury is to acquit if there is reasonable doubt either that the drugs were imported contrary to law or that the defendant knew they were unlawfully imported. United States v. Peeples, 377 F.2d 205, 209 (2d Cir. 1967); United States v. Llanes, 374 F.2d 712, 715–716 (2d Cir. 1967); Chavez v. United States, 343 F.2d 85, 88–90 (9th Cir. 1965); Griego v. United States, 298 F.2d 845, 848–849 (10th Cir. 1962).[1]

More important, the instructions left the impression that if possesion were proved beyond a reasonable doubt, conviction should follow; they obscured the fact that the ultimate burden remained with the government to prove each element of the offense beyond a reasonable doubt. For example, the jury was instructed that "proof of possession, unless satisfactorily explained, *avoids the necessity* of the Government proving both the illegal importation and the defend-

---

1. "An explanation of possession 'to the satisfaction of the jury,' as those words are used in the second paragraph of § 174, means any evidence, direct or circumstantial, which is sufficient to satisfy the jury that despite evidence of possession by the defendant the government has failed to meet its burden of proof. Such a failure of proof may occur, despite proof of possession, with respect to any one of the essential elements of the § 174 offense." Verdugo v. United States, 402 F.2d 599, 601, 603 n. 3 (9th Cir. 1968).

ant's knowledge thereof" (emphasis added). But there was no clear instruction that defendants were to be acquitted unless, upon all the evidence including proof of possession, the jury was satisfied beyond a reasonable doubt that the heroin was unlawfully imported and defendants had knowledge of that fact.[2] *See*, in addition to cases cited above, Turner v. United States, 396 U.S. 398, 405–407, 90 S.Ct. 642, 646–647 (January 20, 1970); Verdugo v. United States, 402 F.2d 599, 603 (9th Cir. 1968); United States v. Glaziou, 402 F.2d 8, 17 (2d Cir. 1968).

Reversed and remanded.

CHAMBERS, Circuit Judge (dissenting):

Here we had a chemist who testified that heroin can be made from morphine. Of course, what underlies Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, is the large incidence of domestic homegrown marijuana which makes the use of the presumption unfair.

Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, clears the Section 174 presumption in the case of heroin. If I were not a judge, I would know that very little heroin is made in the United States from morphine. I would not reverse here unless the chemist had testified that the incidence of conversion within the United States of morphine to heroin is high. This he did not do.

Accepting the foregoing, it seems to me that the majority is overcritical of the instructions. If there was slight error, I would say it is harmless.

2. The following instruction, requested by both defendants, was refused:

"If you determine that the Defendant, Robert Christion, had possession of the 'narcotic drug,' then, regardless of whether his possession was lawful or unlawful, you must determine to your satisfaction beyond a reasonable doubt that Robert Christion had knowledge that the narcotic drug was illegally imported into the United States of America in order to convict him of the crime with which he is charged.

If the evidence presented to you leaves you with a reasonable doubt as to whether the narcotic drug was illegally imported into the United States of America, or a reasonable doubt as to whether Robert Christion knew that the narcotic drug was illegally imported into the United States, then, regardless of his possession and the inference I've instructed that you may draw from his possession, you must acquit him of the crime charged."