**UNITED STATES of America,
Appellee,**

v.

**Clarence QUARLES, Appellant.**

**No. 333, Docket 34122.**

United States Court of Appeals
Second Circuit.

Submitted Dec. 3, 1969.

Decided Jan. 8, 1970.

Jon A. Sale, Paul B. Galvani, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., for appellee.

Phylis Skloot Bamberger, Milton Adler, New York City, for appellant.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

PER CURIAM.

Appellant was convicted after a one-day non-jury trial before District Judge Wyatt of the United States District Court for the Southern District of New York. In a one-count indictment appellant was charged with having violated 21 U.S.C. §§ 173 and 174 in that he had on one occasion received, concealed, and facilitated the transportation of some 126 grams of heroin knowing the heroin to have been illegally imported. The government evidence established that on that occasion the appellant possessed the narcotics and was, beyond a reasonable doubt, guilty of the crime charged.

The only contention advanced upon appeal is the now familiar contention that the provision of 21 U.S.C. § 174 that proof of a defendant's possession of narcotics is prima facie evidence that the defendant knew that the drug was imported "unless the defendant explains the possession to the satisfaction" of the trier of fact violates a defendant's privilege against self-incrimination guaranteed under the Fifth Amendment.

We reject the contention. We are bound by the unanimous decision of the Supreme Court in Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925), where this presumption was held by the United States Supreme Court to be a reasonable natural presumption and one not in contravention of the Fifth Amendment. Within five years a seven-justice majority of the

Court in United States v. Gainey, 380 U.S. 63, 65, 85 S.Ct. 754, 13 L.Ed.2d 658, footnote 2 (1965) noted that the constitutionality of 21 U.S.C. § 174 was sustained in *Yee Hem*, and we do not find that the discussion of this presumption in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 1552–1553, 23 L.Ed.2d 57 (1969), including the statement in footnote 92, has affected the present binding authority of that decision.

Also, we have recently reaffirmed our approach to this contention. See, e. g., United States v. Armone, 363 F.2d 385, 391–393 (2 Cir.), cert. denied, Viscardi v. U. S., 385 U.S. 957, 87 S.Ct. 391, 17 L.Ed. 2d 303 (1966).

Affirmed.