**UNITED STATES of America, Appellee,**

v.

**Felix ROSARIO, Appellant.**

**No. 331, Docket 32601.**

United States Court of Appeals Second Circuit.

Argued Dec. 2, 1969.

Decided Jan. 8, 1970.

Certiorari Denied March 23, 1970.

See 90 S.Ct. 1152.

Jon A. Sale, Paul B. Galvani, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., for appellee.

Phylis Skloot Bamberger, Milton Adler, New York City, for appellant.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

PER CURIAM.

Appellant was indicted under 21 U.S. C. §§ 173, 174, and after a short two day trial a jury found appellant guilty as charged in that he had received, conceal-

ed, transported and sold some 13.28 grams of heroin knowing it to have been illegally imported into the United States.

 Assigned counsel upon appeal from the conviction urges that recent opinions and decisions[1] of the United States Supreme Court have so weakened the vitality of the Court's holding in Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925) that we should order appellant acquitted on the ground that the well-known presumption which was found not to contravene the protections of the Fifth Amendment in *Yee Hem* does, despite *Yee Hem,* violate that Amendment's right against self-incrimination.

Though we admire the assiduous efforts of assigned counsel, Yee Hem v. United States continues to be controlling in the Courts of Appeal, and we are, as counsel is fully aware, bound by that holding. See opinion in United States v. Quarles, 2 Cir., 420 F.2d 660 (*per curiam*) decided by us this day, citing United States v. Armone, 363 F.2d 385, 391–393 (2 Cir.), cert. denied, Viscardi v. United States, 385 U.S. 957, 87 S.Ct. 391, 17 L.Ed.2d 303 (1966).

 Appellant also argues that it was error for the judge to fail to tell the jury, despite defendant's specific request, that the jury did not have to make the inference permitted by 21 U.S.C. § 174. Although it would have been better for the judge to have followed United States v. Peeples, 377 F.2d 205, 210–211 (2 Cir. 1967) and said in so many words that the jury could refuse to make the inference of importation from the fact of possession and therefore could acquit, it would appear that the judge conveyed that meaning although not in the explicit language that counsel requested be adopted.

The judgment of conviction is affirmed.

---

1. In particular, *inter alia*: United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968) ; Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) ; United States v. Gainey, 380 U.S. 63, 83, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965) (dissenting opinion). See also Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).