**Desi J. CHICQUELO, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21855.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 15, 1969.

Reargued En Banc April 12, 1971.

Decided Sept. 20, 1971.

Petition for Reconsideration Denied
Oct. 26, 1971.

Certiorari Denied Feb. 28, 1972.
See 92 S.Ct. 1189.

Mr. Nicholas A. Addams, Washington, D. C. (appointed by this court) for appellant.

Mr. Robert C. Crimmins, Asst. U. S. Atty., for appellee. Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, and James A. Treanor, III, Asst. U. S. Atty., at the time the brief was filed, were on the brief for appellee. Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Philip L.

Cohan, Asst. U. S. Attys., also entered appearances for appellee.

On Rehearing *En Banc*

Before BAZELON, Chief Judge, and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON, ROBB and WILKEY, Circuit Judges, sitting en banc.

PER CURIAM:

This appeal from a jury conviction of a federal narcotics offense, 26 U.S.C. § 4704(a), was first heard by a panel of this court. While under submission, our *en banc* decision in Watson v. United States, 141 U.S.App.D.C. 335, 439 F.2d 442 (1970), was forthcoming; and we elected *sua sponte* to place this appeal *en banc* for the purpose of considering it in the light of the issues discussed in *Watson.*

We held in *Watson* that one who had two prior felony convictions could not, upon conviction of a federal narcotics offense, constitutionally be denied, as the Narcotic Addict Rehabilitation Act of 1966 (18 U.S.C. §§ 4251–4255) purported to do, consideration on sentencing for disposition under the provisions of Title II of that Act. We noted in *Watson* that there might be a serious question as to whether § 4704(a) either applies or, in the light of the Supreme Court's decision in Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed. 2d 758 (1962), could be made to apply, to an addict in possession of narcotics solely for his own use. We did not resolve this question however, because the matter had, although raised, not been pursued in the trial court in such a way as to create a record adequate for its informed adjudication.

Our examination of this case *en banc* has exposed a similar situation. Although issues of a *Watson* nature were brought to the attention of the trial court,[1] a record admitting of their final resolution, particularly in respect of the impact of addiction at the time of the alleged violation, was not made. What is clear, however, is that, although the sentencing judge expressed the view after verdict that the case had "certain social aspects" as to which "we have (not) yet found the true solution nor the answer to the narcotics problem," the Government's certification in the sentencing record of two prior federal narcotics convictions foreclosed him from considering appellant, despite his conceded addiction, for disposition under Title II. Under these circumstances, and on a parity with our action since *Watson* in a number of appeals disclosing like circumstances in connection with sentencing, we affirm the conviction but vacate the sentence and remand for resentencing in which the court shall consider the extension to appellant of the benefits of Title II.[2]

It is so ordered.

BAZELON, Chief Judge (dissenting):

In this case, as in Watson v. United States, 141 U.S.App.D.C. 335, 439 F.2d 442 (1970), appellant claims that Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), imposes a constitutional bar to criminal conviction[1] of an addict for possession of narcotics simply to satisfy his own addiction. As in *Watson*, the Court does

---

1. An oral motion at the opening of the trial, challenging the constitutionality of the Harrison Act, was denied as untimely. At the close of the evidence, the defense requested an instruction asserting that possession for the satisfaction of addiction was not within the statute. This was refused. A post-trial motion for acquittal alleged that appellant was not a "purchaser" within the meaning of § 4704(a). This was denied.

2. We find no merit in the other two grounds advanced by appellant for reversal, namely, that appellant's arrest was without probable cause and that there was inadequate proof that the substances seized could be characterized as quantitatively sufficient for use as narcotics.

1. Appellant was convicted of a violation of 26 U.S.C. § 4704(a) (possession of narcotic drugs not in the original stamped package and without the appropriate tax-paid stamps).

not reach this contention. It finds the record in the trial court factually inadequate for informed adjudication—"particularly in respect of the impact of addiction at the time of the alleged violation"—and therefore declines to decide whether § 4704(a) can be constitutionally applied to an addict in possession of narcotics for his own use. Instead, it remands the case for resentencing under Title II of the Narcotic Addict Rehabilitation Act of 1966 (NARA), 18 U.S.C. §§ 4251–4255. I adhere to the view stated in my dissenting opinion in *Watson*. "[A]s to appellant's constitutional claims, we do not sit as triers of fact. * * * We may not avoid deciding whether or not the statute was constitutionally construed by the trial court simply by speculating that, in any event, the jury might have resolved the factual issues against appellant."[2]

The Court does not dispute that appellant raised the constitutional question in the trial court. Thus, even if the record was inadequate, the appropriate course is not to affirm the conviction but to remand for additional findings, *unless* an alternative disposition fully moots appellant's claim. Resentencing is not such an alternative because treatment under Title II of NARA is available only to an "eligible offender" which is defined, in part, as "any individual who is convicted of an offense against the United States." 18 U.S.C. § 4251(f). The point of appellant's claim *is that he is not guilty of an offense.* Having properly raised the point, appellant is entitled to this Court's consideration of its merits.[3]

ROBB, Circuit Judge (dissenting):

For the reasons stated in my dissent in Watson v. United States, 141 U.S. App.D.C. 335, 439 F.2d 442, 476 (1970) I would affirm both the conviction and the sentence.

**2.** 439 F.2d at 462 (Bazelon, C. J., concurring in part and dissenting in part).

**3.** *Compare* Kleinbart v. United States, 142 U.S.App.D.C. 1, 439 F.2d 511 (1970). There appellant challenge as cruel and

unusual *only* the irreducible ten year minimum sentence imposed on those twice convicted of narcotic offenses, and resentencing under Title II of NARA would moot that point.