**Buford BRUNER, Jr., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 73-C-38.**

United States District Court, N. D. Oklahoma, Civil Division.

Aug. 13, 1973.

Buford Bruner, pro se.

Hubert Bryant, Asst. U. S. Atty., Tulsa, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

Upon further consideration of the above Petitioner's Application To Amend Petitioner's Writ of Habeas Corpus and Motion under 28 U.S.C.A. § 2255 and Respondent's Objection thereto, and the Order of the Court allowing the desired Amendment, the Court finds that said Amendment as previously allowed by the Court should be stricken.

In said Application and Amendment the Petitioner claims that he was denied his right to be considered and sentenced by this Court under 18 U.S.C.A. § 4251 et seq.; and that he was not so considered for the reason his narcotic addiction was not presented to the Court either by or through his Court-appointed counsel or other Government officials; that at the time of the sentence imposed against Petitioner he was in fact a narcotic addict which was known to the United States Attorney; that he was eligible to be considered under 18 U.S.C.A. § 4251 et seq. for examination and treatment.

The Respondent opposes said Application and Amendment asserting that Petitioner's narcotic addiction was not overlooked by the Court but was in fact brought to the Court's attention and for further opposition asserts that when sentenced by this Court Petitioner was not an "eligible offender" within the meaning of Title 18, United States Code § 4251(f)(4) because Petitioner had been convicted of a felony on two or more prior occasions.

In reply to the opposition of Respondent the Petitioner asserts that the two prior felony provisions as set out in 18 U.S.C. § 4251(f)(4) has been held unconstitutional in Watson v. United States, 141 U.S.App.D.C. 335, 439 F.2d 442 (1970); United States v. Williams, 143 U.S.App.D.C. 16, 442 F.2d 738 (1970) and Chicquelo v. United States, 146 U.S.App.D.C. 381, 452 F.2d 1310 (1971). At the request of the Court the Respondent has further responded and asserts that the three cases above cited were erroneously decided and cites Marshall v. Parker, 470 F.2d 34 (Ninth Cir. 1972) as holding that said statutory provision is not unconstitutional.

As to Petitioner's claim that the Court was not informed of his narcotic addiction the records of the case conclusively show such assertion to be false. First, as shown by the attached excerpt from the sentencing proceeding marked Attachment A Petitioner himself advised the Court of his addiction. In addition, the United States Probation Officer in his pre-sentence report to the Court set forth Petitioner's claim to have been on heroin since 1966 and further reported that Narcotic Agents verified Petitioner's addiction for at least a year prior to his arrest in this case.

As to Petitioner being an "eligible offender" with reference to prior felony convictions the records of this case as shown by the pre-sentence report of the United States Probation Office reveal that at the time of sentencing by this Court Petitioner had three prior felony convictions under Oklahoma law as follows:

12-5-61 Tulsa, Oklahoma–Grand Larceny–6 months probation

5-1-62 Tulsa, Oklahoma–Knowingly Receiving Stolen Property–6 months probation

11-69 Tulsa, Oklahoma–Grand Larceny–3 years

Petitioner makes no claim that he did not have two or more prior felony convictions when sentenced by the Court.

 The provisions of 18 U.S.C. § 4251 et seq. were not considered by the Court when Petitioner was sentenced as the record before the Court revealed that he was not eligible for such consideration by reason of having three prior felony convictions. The Court has stud-

ied the three cases relied upon by the Petitioner and the case relied upon by the Respondent and concludes that the three cases relied upon by Petitioner were incorrectly and erroneously decided and the case relied upon by Respondent was correctly decided with the result that the pertinent statutory section is constitutional, does not violate Petitioner's right to the equal protection of the laws and prevented Petitioner from being an "eligible offender" for consideration and sentencing under 18 U.S.C. § 4251 et seq. as previously determined by the Court.

■ As the Court was informed at the time of sentencing that Petitioner was a narcotic addict and as Petitioner at the time of sentencing was not an "eligible offender" to be considered and sentenced under 18 U.S.C.A. § 4251 et seq. the Court finds and concludes for the foregoing reasons that the Amendment allowed under said Application should be stricken.

## ATTACHMENT A

(The following proceedings were taken out of the context of the sentencing proceedings of March 12, 1970.)

THE COURT: . . . The Court has received this report and has read the same and is now ready to pronounce sentence on the jury's verdict of guilty and your conviction of this charge. Before doing so the Court invites the Defendant and his attorney to make any statement they care to make regarding the case or in mitigation of punishment. First the Defendant.

THE DEFENDANT: Well Your Honor, I would like for the Court to know that every crime that I have committed was because I was an addict. I am not trying to lay the blame on my colleagues but I had to secure money to support my habit and I would like for the Court to take that into consideration when he pronounces sentence on me.