Garland J. **FIELDS**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. A. No. 4893–A–M.**

United States District Court
E. D. Virginia,
at Alexandria.

July 29, 1968.

See also 370 F.2d 836.

---

Garland J. Fields, pro se.

Stefan C. Long, Asst. U. S. Atty., Alexandria, Va., for the United States.

### ORDER

OREN R. LEWIS, District Judge.

Garland J. Fields, a federal prisoner, has filed a motion pursuant to 28 U.S.C. § 2255 attacking his conviction in this court in May 1966. He was convicted of violating 26 U.S.C. § 4704(a), the distribution of narcotic drugs not in the original stamped package, and 26 U.S.C. § 4705(a), dispensing narcotic drugs not in pursuance of a written order, and is now serving a ten-year sentence. Fields bases his motion on three recent opinions of the Supreme Court of the United States, all by Mr. Justice Harlan: Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). He alleges, in essence, that the registration requirements of the Internal Revenue Code, in particular §§ 4704 and 4705, are in violation of his right against self-incrimination under the Fifth Amendment, and he contends that Grosso, Marchetti and Haynes compel this conclusion.

The cases are readily distinguishable from this one. Marchetti and Grosso concern the occupational and excise taxes imposed on gamblers and the registration requirements for gamblers, 26 U.S.C. §§ 4401, 4411 and 4412. Haynes concerns the registration and taxation under the National Firearms Act of sawed-off shotguns and rifles, machine guns and other such weapons, 26 U.S.C. §§ 5841 and 5851. The activities in Grosso, Marchetti and Haynes are far more susceptible to the Fifth Amendment argument urged here than are the activities indulged in by Fields in this situation. That is for the reason that the area of gambling, sawed-off shotguns, etc. is one "permeated with criminal statutes" where one who deals therein is "inherently suspect of criminal activities." See Grosso, 390 U.S. 62, at 64, 88 S.Ct. 709. There are no licensing procedures for possession of sawed-off shotguns; possession alone of such a weapon is always unlawful. This is not the case at all with narcotic drugs regulated by 26 U.S.C. §§ 4704(a) and 4705(a). There are numerous individuals in society who, unlike Fields, have an entirely legitimate interest in narcotic drugs. For example, physicians, pharmacists, dentists, et al. are affected by the regulatory scheme of the Internal Revenue Code. The statutes violated by Fields can in no way be interpreted or construed as merely a trap for criminals to incriminate themselves. Note also that, with the exception of the Chief Justice's dissent, nowhere in Grosso, Marchetti or Haynes are the narcotics statutes of the Internal Revenue Code mentioned. Only by analogy could those cases be construed as controlling this one, and this Court does not think the analogy is apt.

For these reasons the cases upholding the validity of the narcotics statutes stand firm and are applicable here. See Haynes v. United States, 339 F.2d 30 (5th Cir. 1964), cert. den. 380 U.S. 924, 85 S.Ct. 926, 13 L.Ed.2d 809 (1964), clearly ruling against Fields' contention on the Fifth Amendment problem in a marijuana case. See also Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925). In the only reported case since Grosso, Marchetti and Haynes were decided in January, the Fifth Circuit held the Fifth Amendment not violated in prosecutions for marijuana under 26 U.S.C. §§ 4741(a), 4742 and 4744 (a). See Leary v. United States, 383 F.2d 851 (5th Cir. 1967), rehearing den. 392 F.2d 220 (5th Cir. 1968), cert. granted 392 U.S. 903, 88 S.Ct. 2058, 20 L.Ed.

2d 1362 (June 10, 1968). This is case No. 65 on the October 1968 docket of the Supreme Court.

For the reasons set forth above, and upon careful consideration of the pleadings and the memoranda submitted by both sides, the Court is of the opinion that Fields' conviction in this court was without constitutional defect. The motion for relief under 28 U.S.C. § 2255 must be denied, and

It is so ordered.