**UNITED STATES of America**

v.

**Dino R. COX, Appellant.**

**No. 22715.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 10, 1970.

Decided July 15, 1970.

Mr. Richard J. Wertheimer, San Francisco, Cal., with whom Mr. Milton C. Denbo, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. Julius A. Johnson, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Nicholas S. Nunzio, Asst. U. S. Attys., were on the brief, for appellee. Messrs. David G. Bress, U. S. Atty. at the time the record was filed, and Roger E. Zuckerman, Asst. U. S. Atty., also entered appearances for appellee.

Before WRIGHT, McGOWAN and ROBINSON, Circuit Judges.

PER CURIAM:

Appellant was convicted on two counts of violating the narcotics laws. The first count charged a violation of 26 U.S.C. § 4704(a) (1964) involving possession of small quantities of heroin and cocaine not in the original stamped package and without the appropriate taxpaid stamps. The second count charged violation of 21 U.S.C. § 174 (1964) relating to concealment of heroin knowing the same to have been imported contrary to law. As to knowledge of illegal importation of the drugs, appellant's trial counsel laid a foundation for and requested the *Peeples* [1] instruction. The request was denied.

■ On appeal the Government concedes that the conviction on the first count cannot be predicated on possession of cocaine by reason of the Supreme Court's decision in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). It argues, however, that appellant waived any rights he might have under the subsequently decided *Turner* case by moving for consolidation of the heroin and cocaine counts charged under 26 U.S.C. § 4704(a). We do not agree. There is no way of knowing from this record whether the jury found the defendant guilty under 26 U.S.C. § 4704(a) of possession of the heroin, of the cocaine, or both. If the jury's verdict was predicated on possession of cocaine alone, under *Turner* it may not stand. Since we cannot assume that the jury's verdict was not so predicated, the conviction under 26 U.S.C. § 4704(a)

must be reversed. *See* Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969); Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L. Ed. 1117 (1931).

■ As to the charge under 21 U.S.C. § 174, which involved heroin alone, we follow the teaching of the Second Circuit in *Peeples*. And we do not find, as the Government suggests, that the facts of this case are so distinguishable from those in *Peeples* that a different result is required. Appellant took the stand and testified that he did not know whether the drugs found in his possession were imported into this country, legally or otherwise. He suggested that as far as he knew they may have come from Fourteenth Street in the District of Columbia. Once appellant had laid this foundation, it was up to the jury to determine whether appellant had successfully undertaken his burden under 21 U.S.C. § 174 to explain to the satisfaction of the jury that he did not possess drugs knowing them to have been illegally imported. The court should have instructed the jurors "to acquit [the] defendant if satisfied that the defendant did not know the narcotic was imported." United States v. Peeples, 2 Cir., 377 F.2d 205, 210 (1967).

■ In view of our disposition in this case, it is unnecessary to reach the Robinson v. California [2] issue. Since that issue has not heretofore been raised in the District Court, it will be open to appellant to pursue it upon our remand for a new trial. *See* Watson v. United States, No. 21,186, decided this day (*en banc*).

Reversed.

---

1. United States v. Peeples, 2 Cir., 377 F.2d 205 (1967).

2. 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).