### UNITED STATES of America
### v.
### Barrington WILLIAMS, Appellant.
### No. 23597.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 9, 1970.

Decided Dec. 10, 1970.

Mr. Edward L. Merrigan (appointed by this court), for appellant.

Mr. William S. Block, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before McGOWAN, MacKINNON and ROBB, Circuit Judges.

MacKINNON, Circuit Judge:

Appellant was indicted on two counts charging violations of the federal narcotics laws, 26 U.S.C. § 4704(a) [1] and 21 U.S.C. § 174, [2] respectively. A jury convicted appellant on both counts and on August 8, 1969 the Government filed an Information of Previous Convictions informing the court that the conviction in the present case represented a subse-

quent offense under 21 U.S.C. § 174, 26 U.S.C. § 4704(a) and 26 U.S.C. § 7237 by virtue of two prior convictions for violation of the federal narcotic laws. The first prior conviction occurred in the District of Columbia on June 20, 1952 when the court adjudged a sentence to imprisonment for 16 months to 4 years and suspended the execution of the sentence and placed appellant on probation. The probation was revoked on May 21, 1954. The second prior conviction on May 21, 1954 also occurred in the District of Columbia when the court adjudged a sentence of imprisonment for 2 to 6 years. These two prior convictions involved violations of statutes now described as 26 U.S.C. §§ 4705(a), 4704(a) and 21 U.S.C. § 174. Appellant thus had prior convictions of the identical statutes that he was convicted of violating in the instant case.

On this appeal appellant first contends that the search and seizure, which resulted in the finding of 99 capsules of heroin upon appellant's person after he was detained by a District of Columbia policeman on a potential charge of simple trespass or unlawful entry in the fifth floor of a vacant building being used as a narcotics pad, violated his rights under the Fourth Amendment, and that the District Court erred by failing to suppress the evidence

1. It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of the violation of this subsection by the person in whose possession the same may be found.
26 U.S.C. § 4704(a).

2. Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United

States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000.

Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.
21 U.S.C. § 174.

**740**

of the capsules so obtained. However, we consider the search of appellant's person under such circumstances to have been a valid search pursuant to a valid arrest. The trial court ruled that the search was justified on two grounds:

First: The unlawful entry which the defendant committed in the presence of the officers justified a warrantless arrest under Title 4, Section 140[3] of the District of Columbia Code.

Second: That under all of the factual circumstances which were previously enumerated, Officer Shaffer and Officer Campbell had reasonable grounds, in the Court's opinion, to believe that the narcotics laws were being violated. And looking at it from that standpoint, they had a basis for making a valid arrest of the defendant on that ground alone.

In Thomas v. United States, 134 U.S. App.D.C. 48, 412 F.2d 1095 (1969), where we upheld the validity of a narcotics search, the circumstances were substantially the same but the facts here are stronger. We consider the search to have been reasonable and valid under both grounds stated in the ruling of the trial court.

Appellant also attacks the statutory presumptions of 26 U.S.C. § 4704(a) and 21 U.S.C. § 174 arising from his possession of the heroin but these presumptions were recently upheld with respect to heroin in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). The presumption of 21 U.S.C. § 174, that possession permits the inference that the defendant had knowledge the heroin was illegally *imported,* is especially attacked. The basis of the Supreme Court's holding in *Turner* as to this presumption was that "the overwhelming evidence is that the heroin consumed in the United States is illegally imported." 396 U.S. at 415, 90 S.Ct. at 652. The Court recognized, however, that

It is, of course, possible for the situation to change either through the development of a simple method of synthesizing heroin or through the creation of substantial clandestine operations utilizing opium or morphine which has been illegally imported or which, though legally here, has been stolen.

396 U.S. at 416 n. 28, 90 S.Ct. at 652. Counsel for appellant in this case has sought to utilize the loophole suggested

---

3. D.C.Code § 4–140 (Supp. III, 1970) (81 Stat. 734) provides:

(a) An officer or member of the Metropolitan Police force may arrest without a warrant and take into custody any person who commits, or threatens or attempts to commit, in the presence of, or within the view of, such officer or member any breach of the peace or offense directly prohibited by an Act of Congress or by any other law in force in the District.

(b) An officer or member of the Metropolitan Police force may arrest a person without a warrant if he has probable cause to believe that such person (1) has committed or is about to commit any offense listed in subsection (c) of this section, and (2) unless immediately arrested, may not be apprehended, may cause injury to others or damage to property, or may tamper with, dispose of, or destroy evidence.

(c) The offenses referred to in subsection (b) of this section are—

(1) * * * section 824 (relating to unlawful entry) (D.C.Code, sec. 22–3102) * * *.

D.C.Code § 22–3102 (1967) provides:

Any person who, without lawful authority, shall enter, or attempt to enter, any public or private dwelling, building or other property, or part of such dwelling, building or other property, against the will of the lawful occupant or of the person lawfully in charge thereof, or being therein or thereon, without lawful authority to remain therein or thereon shall refuse to quit the same on the demand of the lawful occupant, or of the person lawfully in charge thereof, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $100 or imprisonment in the jail for not more than six months, or both, in the discretion of the court.

by footnote 28. A Government chemist was placed on the stand to establish that the capsules in question did in fact contain heroin, and on cross-examination counsel elicited testimony to the effect that heroin *could* be manufactured in this country using opium or morphine illicitly obtained. However, the record falls far short of establishing hard evidence that "substantial clandestine operations" do in fact exist, and in the absence of such evidence the presumption retains validity.

■ Appellant makes the further contention with respect to count one (the 26 U.S.C. § 4704(a) charge) that his conviction thereof violated his rights under the Fifth Amendment because to have obtained the tax stamps would have required him to incriminate himself. We disagree. Good v. United States, 410 F. 2d 1217, 1220 (5th Cir. 1969); United States v. Gladden, 296 F.Supp. 983 (E. D.La.1969); Fields v. United States, 287 F.Supp. 606 (E.D.Va.1968); *see* Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969). In support of his contention appellant contends that had he complied with the law he would have been required to purchase federal narcotic tax stamps and that this would have compelled him to incriminate himself. However, the nature of this charge of the indictment[4] and the scheme of the statute upon which it is based[5] do not support such assertion. For appellant to have acquired the necessary tax stamps under the applicable regulations he was required (1) to register and pay the occupational tax[6] and (2) to be an "importer, manufacturer, producer or compounder" of the narcotic drugs for which the tax stamp is required.[7] Since there is no evidence here that appellant was engaged in importing, manufacturing, producing or compounding heroin, his failure to obtain the tax stamp did not result from any risk of self-incrimination but rather from his inability to meet the statutory requirements for obtaining the stamp. Appellant was just ineligible under the statute to purchase the tax stamp so he was not required in any way to incriminate himself.[8]

■ We likewise reject appellant's contention that 26 U.S.C. § 7237(d)[9] by

4. Count I charges:

> On or about August 14, 1968, within the District of Columbia, Barrington Williams purchased, dispensed and distributed not in the original stamped package and not from the original stamped package, a narcotic drug, that is, ninety-nine capsules containing a mixture totaling about 4,473 milligrams of heroin hydrochloride, mannitol and a white powder.

5. 26 U.S.C. § 4701 *et seq.*

6. 26 U.S.C. §§ 4721, 4722; 26 C.F.R. §§ 151.21, 151.41 (1970).

7. *See* Minor v. United States, 396 U.S. 87, 94, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969). 26 U.S.C. § 4701 provides:

> (a) *Rate.*—There shall be imposed an internal revenue tax upon narcotic drugs, produced in or imported into the United States, and sold, or removed for consumption or sale, at the rate of 1 cent per ounce, and any fraction of an ounce in a package shall be taxed as an ounce. The tax imposed by this subsection shall be in addition to any import duty imposed on narcotic drugs.

> (b) *By whom paid.*—The tax imposed by subsection (a) shall be paid by the importer, manufacturer, producer, or compounder.

26 U.S.C. § 4771 provides that the tax imposed by 26 U.S.C. § 4701 shall be represented by stamps, and 26 U.S.C. § 4703 requires that the stamps be affixed to the package.

8. United States v. Gladden, 296 F.Supp. 983, 985–986 (E.D.La.1969).

9. 26 U.S.C. § 7237(d) provides:

> *No suspension of sentence; no probation; etc.*—Upon conviction—
> (1) of any offense the penalty for which is provided in subsection (b) of this section, subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act, as amended, or such Act of July 11, 1941, as amended, or
> (2) of any offense the penalty for which is provided in subsection (a) of this section, if it is the offender's second or subsequent offense,
> the imposition or execution of sentence shall not be suspended, probation shall not be granted and in the case of a

**742**

its denial of probation and parole constitutes an infliction of cruel and unusual punishment in violation of the Eighth Amendment,[10] and that a portion of the argument to the jury by the United States Attorney was improper. Whatever error might have been occasioned by the argument of counsel, and we do not hold that the argument constituted error, it was corrected by the judge's timely cautionary instruction.

■ Finally, appellant points out that the District Court in adjudging sentence added the recommendation that appellant "be treated for narcotics addiction." This sentence was imposed on September 5, 1969 before our *en banc* decision in Watson v. United States, 141 U.S. App.D.C. ——, 439 F.2d 442 (1970). In acordance with our decision in *Watson* it is our opinion that the appellant, notwithstanding his two prior narcotics convictions, had a right, the same as Watson, to be considered for treatment under the Narcotic Addict Rehabilitation Act of 1966 (18 U.S.C. § 4251 *et seq.*). So we affirm Williams' conviction but vacate his sentence and remand the case for resentencing, in the course of which the District Judge shall give consideration to the disposition of appellant under Title II of the Narcotic Addict Rehabilitation Act.[11]

Judge Robb concurs in the affirmance of the conviction and as he now considers himself bound by our decision in Watson v. United States, *supra*, he also concurs in the result.

The case is remanded to the District Court for disposition in conformance with the foregoing opinion.

So ordered.

violation of a law relating to narcotic drugs, section 4202 of title 18, United States Code, and the Act of July 15, 1932 (47 Stat. 696; D.C.Code 24–201 and following), as amended, shall not apply.

10. Sperling v. Willingham, 353 F.2d 6 (7th Cir. 1965), cert. denied, 384 U.S. 962, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966); Stewart v. United States, 325

F.2d 745 (8th Cir.), cert. denied, 377 U.S. 937, 84 S.Ct. 1344, 12 L.Ed.2d 301 (1964); Halprin v. United States, 295 F.2d 458, 460–461 (9th Cir. 1961); *see also* United States v. Ward, 387 F.2d 843 (7th Cir. 1967); Gallego v. United States, 276 F.2d 914, 918 (9th Cir. 1960).

11. 18 U.S.C. § 4251 *et seq.*, Act of Nov. 8, 1966, 80 Stat. 1442–1444.