UNITED STATES of America

v.

**Theotis HAYWOOD, Appellant.**

**No. 23698.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 16, 1971.

Decided Nov. 23, 1971.

Mr. Thomas Fortune Fay, Olney, Md. (appointed by this court) for appellant.

Mr. Jerome Wiener, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Mr. James R. Phelps, Asst. U. S. Atty. at the time the record was filed, also entered an appearance for appellee.

Before BAZELON, Chief Judge, and McGOWAN, Circuit Judge, and GOURLEY,* Senior District Judge for the Western District of Pennsylvania.

GOURLEY, Senior District Judge:

Appellant was convicted by a jury of narcotics offenses (two counts each of 21 U.S.C. §. 174, 26 U.S.C. § 4704(a),

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1964).

and 26 U.S.C. § 4705(a)). This appeal followed.

Among the various claims of error, three merit discussion: whether a transcript should have been made of the preliminary hearing, did the trial court err in instructing the jury relative to knowledge of narcotics importation, and should a new trial be granted based on a juror's non-residence in the District of Columbia. In each instance the claim of error cannot be sustained.

 Regarding the non-residency of a juror, it is clear that such a factor does not impair the impartial and intelligent performance of a juror's duties. As a general rule, a party who fails to object to the service of a juror on grounds of residence, for whatever reason, should be deemed to have waived the objection because violations of residency requirements do not reach these "essential qualities" of a juror. United States v. Rosenstein, 34 F.2d 630 (2d Cir. 1929). And in this case, although the juror had moved to Maryland, no actual prejudice has been shown.

 With regard to the issue of appellant's knowledge that the narcotics were imported, the record clearly demonstrates that appellant never objected to the charge of the court, but in fact voiced his satisfaction therewith. Appellant contends nevertheless that failure to include the *Peeples*[1] charge constituted reversible error. This claim cannot be sustained because United States v. Cox, 139 U.S.App.D.C. 264, 432 F.2d 1326 (1970), adopting the *Peeples* charge for this Circuit, was decided subsequent to Haywood's trial and because the trial court's instructions did provide an accurate, albeit less emphatic, statement of the law. Moreover, Rule 30 of the Federal Rules of Criminal Procedure, in clear and unequivocal language, states, "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." In such circumstances, therefore, the failure to use the specific language of *Peeples* is not reversible error, but trial courts must in the future adhere to the requirements of United States v. Cox, *supra*.

 Appellant also asserts that there was error because no transcript was made of his preliminary hearing. Although transcripts of preliminary hearings are now mandatory, even without request therefor, this requirement as an exercise of this Court's supervisory responsibility was prospective only. Gardner v. United States, 132 U.S.App. D.C. 331, 407 F.2d 1266, cert. denied, 395 U.S. 911, 89 S.Ct. 1757, 23 L.Ed.2d 225 (1969). Thus *Gardner* does not control the instant case, where the preliminary hearing was held prior thereto. Appellant, through trial counsel, indicated at his preliminary hearing that no transcript was desired. This deliberate determination should not now be changed without a showing of prejudice to appellant. In this respect it is well to note that appellant's retained counsel for the preliminary hearing was the same for trial. Viewed in this light, we perceive no prejudice which would warrant reversal or remand, especially since counsel had access to pertinent grand jury minutes of testimony of the undercover agent to whom appellant sold narcotics, as well as notes taken at the preliminary hearing.

The record has been thoroughly reviewed for all other asserted errors and this Court finds none to exist.

The conviction below is affirmed.

1. United States v. Peeples, 377 F.2d 205 (2d Cir. 1967).