**UNITED STATES of America ex rel. Vestle L. ENGLAND, Jr., Petitioner,**

v.

**Raymond W. ANDERSON, Warden Delaware Correctional Center, Respondent.**

**No. 169.**

United States District Court, D. Delaware.

Aug. 18, 1972.

Vestle L. England, Jr., pro se.

## MEMORANDUM OPINION

LATCHUM, District Judge.

Vestle L. England, Jr., a state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was permitted to proceed *in forma pauperis*.

The facts relevant to his petition may be summarized as follows: The petitioner was indicted by the Grand Jury for New Castle County on August 31, 1971 for offenses allegedly committed on June 19, 1970. Counts I and III of the indictment charged him with burglary in the fourth degree in violation of 11 Del.C. § 395. Counts II and VII charged him with conspiring with two co-defendants [1] to commit burglary in the fourth degree in violation of 11 Del.C. § 105 and Count V charged him with possession of a firearm during the commission of a felony in violation of 11 Del.C. § 468A(a). On October 7, 1971, the petitioner entered a plea of guilty to Count III charging burglary in the fourth degree and to Count V charging him with possession of a firearm during the commission of a felony. The Superior Court on January 8, 1971 sentenced him on the burglary charge to imprisonment for a term of two years beginning January 8, 1971 and ending January 7, 1973 and on the possession of a firearm count to imprisonment for a term of five years beginning January 8, 1971 and ending January 7, 1976.[2]

11 Del.C. § 468A, which defines the offense of possession of a firearm during the commission of a felony, provides for a nonsuspendable minimum mandatory sentence of five years imprisonment and also makes a person convicted thereunder ineligible for probation or parole during the first five years of his sentence.[3]

On June 21, 1971, the petitioner, pursuant to Superior Court Criminal Rule 35(a), moved to vacate his conviction and sentence on his plea of guilty to possession of a firearm during the commission of a felony. That motion was based on the contention that the title to the act was constitutionally defective under Art. II, § 16 of the Delaware Constitution, Del.C.Ann., in that it did not give sufficient notice that (a) the mandatory minimum sentence was five years, (b) that a person convicted thereunder would be ineligible for probation and parole, and (c) that, with respect to this particular offense, it failed to disclose that the court's general discretionary sentencing power provided by 11 Del.C. § 4301 and the Department of Corrections' parole authority conferred by 11 Del.C. § 4346 had been modified and amended.

After briefing and argument, the Superior Court held on November 5, 1971 that 11 Del.C. § 468A was not invalid

---

1. Co-defendants named in the indictment were Stephen Kenneth Adams and Robert Edward Hinderer.

2. At sentencing, the Attorney General entered a *Nolle Prosequi* to the other counts of the indictment pertaining to the petitioner.

3. The maximum prison sentence which may be given under § 468A(a) is 30 years.

under Art. II, § 16 of the Delaware Constitution. On December 9, 1971, the petitioner appealed that decision to the Delaware Supreme Court. While the appeal was pending, he moved the Superior Court for release on bail pending appeal of his conviction on the "possession of firearm" charge. On April 27, 1972, the Superior Court refused bail on the "possession" conviction since he was serving an unappealed concurrent sentence on the burglary conviction. On June 12, 1972, the Delaware Supreme Court dismissed the petitioner's appeal because it had not been filed within 30 days after the entry of the judgment appealed from, as required by 58 Del.Laws, Ch. 22 and Delaware Supreme Court Rule 23.

■ The petitioner continues to serve his state imposed sentences in respondent's custody at the Delaware Correctional Center. His present petition, alleging the exhaustion of available state remedies, advances four reasons for granting habeas corpus relief.[4]

■ First, the petitioner contends that 11 Del.C. § 468A is unconstitutional because the body of the act embraces subjects which are not expressed in its title contrary to Art. II, § 16 of the Delaware Constitution.[5] Whatever merits this contention may have, this Court is without jurisdiction to determine the issue. The question raised is purely a state matter governed exclusively by the particular provision of the Delaware Constitution. It is a well-settled doctrine that federal habeas corpus relief is not available to a state prisoner unless a federal constitutional right has been violated. Collins v. Swenson, 443 F.2d 329, 331 (C.A. 8, 1971); Mathis v. People of the State of Colorado, 425 F.2d 1165 (C.A. 10, 1970). Since the petitioner

clearly indicates that the right sought to be vindicated is a right arising under the Delaware Constitution and not one guaranteed by the United States Constitution, this Court is without jurisdiction to determine the matter.

■ Secondly, the petitioner contends that the Superior Court's refusal to release him on bail pending his appeal to the Delaware Supreme Court violated his federal constitutional right to bail. It is true that the Eighth Amendment[6] protects not only against setting excessive federal bail but also by necessary implication protects against the denial of bail. U. S. ex rel. Covington v. Coparo, 297 F.Supp. 203, 206 (S.D.N.Y. 1969); Trimble v. Stone, 187 F.Supp. 483, 484 (D.D.C.1960). While the Supreme Court has not ruled directly on the imposition of the bail clause of the Eighth Amendment to the states through the Fourteenth Amendment, a number of lower federal courts have held that it is applicable. Mastrian v. Hedman, 326 F.2d 708, 710–711 (C.A.8, 1964), cert. den. 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964); United States ex rel. Hyde v. McMann, 263 F.2d 940, 943 (C.A.2, 1959), cert. den. 360 U. S. 937, 79 S.Ct. 1462, 3 L.Ed.2d 1549 (1959); Wansley v. Wilkerson, 263 F. Supp. 54, 57 (W.D.Va.1967). The Eighth Amendment, however, does not provide an absolute right to bail. Prior to conviction, bail may be denied if there is reason to believe that the defendant will not appear. Mastrian v. Hedman, *supra*; Dameron v. Harson, 255 F.Supp. 533, 536–537 (W.D.La. 1966), aff'd 364 F.2d 991 (C.A.5, 1966); Corbett v. Patterson, 272 F.Supp. 602 (D.Colo.1967). Similarly, after conviction, state prisoners do not have an absolute federal constitutional right to bail

---

4. It is obvious from the record that the petitioner has not exhausted his state remedies on all the claims raised here. However, to avoid delay and piece-meal consideration of his contentions, the Court will consider all of petitioner's claims.

5. Art. II, § 16 of the Del.Const. provides: "No bill or joint resolution, except bills

appropriating money for pubic purposes, shall embrace more than one subject, which shall be expressed in its title."

6. "Excessive bail shall not be required . . . ." U.S.Const., Amend. VIII.

pending appeal of the conviction. Bloss v. Michigan, 421 F.2d 903, 905 (C.A.6, 1970); Sellers v. Georgia, 374 F.2d 84 (C.A.5, 1967); United States ex rel. Siegal v. Follette, 290 F.Supp. 632, 635 (S.D.N.Y.1968). When, however, bail is authorized by a state statute, even though it is not a right guaranteed by the federal constitution, the arbitrary denial of bail violates due process under the Fourteenth Amendment. United States ex rel. Keating v. Bensinger, 322 F.Supp. 784, 786 (N.D.Ill.1971). The power to set or deny bail must be exercised rationally, reasonably and without discrimination. United States ex rel. Covington v. Coparo, *supra*, 297 F.Supp. 203, at 206. Delaware provides that "[a]fter conviction, the court may order that the original bail stand as bail pending appeal or deny, increase or reduce bail." 11 Del.C. § 2112. This is a matter of judicial discretion after considering all the pertinent circumstances. A federal court should not substitute its judgment for that of a state court on the question of bail unless it clearly appears that the state court's action is wholly beyond the range within which judgments could rationally differ in relation to the apparent facts of the particular situation. Simon v. Woodson, 454 F.2d 161, 165 (C.A.5, 1972).

■ Applying these principles to the facts of this case it is clear that the Superior Court's denial of bail pending appeal of the "gun possession" conviction was not arbitrary or unreasonable. At the time bail was requested the petitioner was lawfully serving a two year sentence of imprisonment on the burglary conviction which he had not appealed. It cannot be held under these circumstances that the Superior Court's judgment was arbitrary. Accordingly, this Court finds no merit to petitioner's second ground for habeas corpus relief.

■ Thirdly, the petitioner claims that the provisions of 11 Del.C. § 468A which provide for a mandatory minimum five year sentence and a prohibition against granting probation, parole and

suspension of sentence amounts to cruel and unusual punishment proscribed by the Eighth Amendment made applicable to the states by the Fourteenth Amendment. Furman v. Georgia, 408 U.S. ——, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). The Court finds no merit to this contention. It is well-settled that such penalties as provided by § 468A do not violate the Eighth Amendment. United States v. Williams, 143 U.S.App.D.C. 16, 442 F.2d 738, 741–742 (1970); United States ex rel. Darrah v. Brierley, 415 F.2d 9, 13 (C.A.3, 1969); Stewart v. United States, 325 F.2d 745 (C.A.8, 1964), cert. den. 377 U.S. 937, 84 S.Ct. 1344, 12 L. Ed.2d 301 (1964); Gallego v. United States, 276 F.2d 914, 918 (C.A.9, 1960); Lathem v. United States, 259 F.2d 393, 397 (C.A.5, 1958). What constitutes a fair and adequate penalty for a particular crime is, in the first instance, "a matter of legislative judgment and discretion and the courts will not ordinarily interfere therewith unless the penalty prescribed is clearly and manifestly cruel and unusual punishment." Lewis v. State of Oklahoma, 304 F.Supp. 116, 122 (W.D.Okl.1969). Probation and parole are matters of legislative grace and it is within the legislative power to withhold that which it could grant. This Court is unable to conclude that the penalties provided for possessing a gun during the commission of a felony are so severe and unusual as to be violative of due process.

■ Finally, the petitioner contends that since the word "possession" is not defined in 11 Del.C. § 468A(a), the statute fails to convey to a person of ordinary intelligence what is forbidden, and is therefore void under the notice requirements of the Due Process Clause of the Fourteenth Amendment. The statute reads:

"§ 468A *Possession of a deadly firearm during commission of a felony*

(a) Any person found to have had in his possession during the commission of a felony within this State any shotgun, rifle, pistol, revolver, zip gun, or

other firearm or weapon capable of firing a missile or projectile with sufficient force to cause death or serious bodily injury shall be guilty of a felony and shall be imprisoned not less than 5 years nor more than 30 years and fined as the court in its discretion may prescribe."

The word "possession" appearing in the context of the above statute is "a common term used in every day conversation that has not acquired any artful meaning." Kramer v. United States, 408 F.2d 837, 840 (C.A.8, 1969). It has been long and widely recognized that possession may be actual or constructive. Thus, a person who knowingly has direct physical control of a thing at a given time is said to be in actual possession. In addition, a person, even though not in actual possession, who knowingly has both the power and intention at a given time to exercise dominion and control over a thing, either directly or through another, is said to have constructive possession. Arellanes v. United States, 302 F.2d 603, 606 (C.A.9, 1962), cert. den. 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962); United States v. Santore, 290 F.2d 51, 60 (C.A.2, 1960), cert. den. 365 U.S. 834, 81 S.Ct. 745, 5 L.Ed.2d 743 (1961).

Under no stretch of the imagination can it be said that the word "possession", in the context in which it is used in the statute, is so indefinite and vague that a person of ordinary intelligence would not be put on fair notice of the offending conduct. Particularly is this so in the instant case. Here the petitioner knowingly and voluntarily entered a plea of guilty to Count V of the indictment. That count charged him with feloniously having in his possession a .38 caliber revolver, capable of firing a projectile with sufficient force to cause serious bodily injury, during the commission of a felony, namely burglary fourth degree, by feloniously breaking and entering the premises of the Specialty Converters, Inc., located at the Delaware Industrial Park, Newark, Delaware, with the intent to commit a crime therein, namely burglary fourth degree of the Remo-Ware Inc. warehouse. The Court therefore rejects petitioner's fourth contention.

There is no probable cause for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849, 854 (C.A.3, 1968).