UNITED STATES of America
v.
John L. HARRISON, Appellant.

UNITED STATES of America
v.
James E. LIGHTFOOT, Appellant.
Nos. 72-1106, 72-1107.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 8, 1972.

Decided Aug. 14, 1973.

Appellants Rehearing Denied
Sept. 19, 1973.

Appellees Rehearing Denied
Sept. 20, 1973.

Robert Alan Jones, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Broughton M. Earnest, Asst. U. S. Attys., were on the brief, for appellee.

James M. Boyle, Washington, D. C. (appointed by this Court), for appellants.

Before BAZELON, Chief Judge, and TAMM and LEVENTHAL, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment sentencing each appellant to a five-year sentence of imprisonment following a conviction on Count 2 of the indictment, for receipt and concealment of narcotic drugs, on or about January 13, 1971, in violation of the Jones-Miller Act, 21 U. S.C. § 174. The appellants were acquitted on the other counts, including Count 1, which charged a violation of the Harrison Act, 26 U.S.C. § 4704, in the purchase, sale and distribution of heroin.

1. The first issue on appeal is the claim of error in instructions under the Jones-Miller Act. The proof was possession of narcotics (denied by appellants) and the instructions advised the jury on inferences that may be drawn from possession. The instructions are particu-

larly challenged on the issue of knowledge of importation. In United States v. Cox, 139 U.S.App.D.C. 264, 265, 432 F.2d 1326, 1327 (1970), this Circuit adopted the *Peeples* charge, United States v. Peeples, 377 F.2d 205 (2d Cir. 1967), requiring the court to instruct the jurors to acquit the defendant unless satisfied that the defendant knew the narcotic was imported. We have since stressed that "trial courts must in the future adhere to the requirements of United States v. Cox," *supra*. United States v. Haywood, 146 U.S.App.D.C. 401, 403, 452 F.2d 1330, 1332 (1971).

The trial court's instructions on the Jones-Miller Act offense,[1] were sufficient to "provide an accurate, albeit less emphatic, statement of the law." United States v. Haywood, *supra*, 146 U.S.App.D.C. at 403, 452 F.2d at 1332. The jury was instructed that knowledge was an essential element of the offense —knowledge both that the substance was a narcotic, and that it had been proved beyond a reasonable doubt, although the jury could draw an inference of knowledge from possession. This instruction was given prior to our decision in *Haywood* and therefore is not subject to the strict caution of that opinion. *Haywood's* prospective vigor, however, is not undercut by our ruling.

2. A remand is ordered, however, in view of the other aspect of the case, wherein appellants invoke the Eighth Amendment. We do not accept their contention as presented by counsel but the developments in applicable jurisprudence, including decisions rendered since the case was briefed and argued, make a remand appropriate.

The legal framework for considering appellants' constitutional contentions must begin with our decision, in United States v. Williams, 143 U.S.App.D.C. 16, 442 F.2d 738 (1970), rejecting the broad contention that the five-year mandatory minimum sentence imposed by 26 U.S.C. § 7237(d) is in and of itself a violation of the Eighth Amendment. But we note that *Williams* was a case that remanded for consideration of Title II NARA disposition, 18 U.S.C. § 4251 et seq. That result followed from the fact that the District Court, in adjudging sentence, had added the recommendation that appellant "be treated for narcotics addiction," as well as the fact that the defendant was covered by our holding in Watson v. United States, 141 U.S.App. D.C. 335, 439 F.2d 442 (1970) (en banc) that it was a violation of equal protection to exclude offenders from NARA treatment "who had been convicted of a felony on two or more prior occasions."

Under Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973), these defendants do not have available to them, for an offense committed in January 1971, the provisions which became effective May 1, 1971, by

---

1. The trial judge began by noting "the essential elements of this particular offense, each of which the Government must prove beyond a reasonable doubt." (Tr. 379). Included in the elements was the:

  second, that the drug, or the acts which have been committed, which the Government alleged have been committed were done with knowledge that the narcotic drug was a narcotic drug, and that it had been imported, or brought into the United States contrary to law (Tr. 380).

The court then instructed the jury on the statutory presumption of knowledge of importation that might be drawn from the possession of the drug:

  Now, if the jury finds beyond a reasonable doubt that the defendant has, or the defendants had, possession of the narcotic drug in question, the right of such possession, alone, unless explained to the jury, to the satisfaction of the jury, by evidence in the case, that does not require the jury to draw the inference that the Heroin in question was imported, or brought into the United States contrary to law, and to draw the further inference and find that the defendant, or defendants had knowledge that the Heroin in Question was imported, or brought into the United States contrary to law.

  Now, however, the Court instructs the jury that, as previously stated, the defendant is proved to be innocent of the charges which have been placed against them until proven guilty beyond a reasonable doubt (Tr. 381–82).

virtue of the Comprehensive Drug Abuse and Control Act of 1970, P.L. 91–513, which repealed the prior prohibitions on probation and parole, and permitted probation to be conditioned on treatment for addiction. *See* United States v. Moore, 158 U.S.App.D.C. ——, at —— ——, —— ——, 486 F.2d 1159 (1973) (Opinion of Leventhal, J.).

In United States v. Moore, *supra,* this court rejected the broad defense of narcotics addiction to a Jones-Miller and Harrison Act charge, but remanded for resentencing under NARA Title II. In critical part, the rejection of the defense rested on the availability to the defendant-addict of treatment through NARA. There were five votes to reject the defense, but there were two main lines of emphasis. For Judges Wilkey, Mac-Kinnon and Robb, there was no legitimate Eighth Amendment problem of "compulsion," along the lines of Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) and Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968).

For Judges McGowan and Leventhal, whatever problems of compulsion did exist were obviated by the Congressional determination to deal with treatment for addiction as a matter of disposition. In their view, this had been done in the large for all defendants prosecuted after the effective date of the 1970 Comprehensive Act, and could be done within the framework of NARA, as properly applied, for defendants, like Moore, convicted under prior statutes.[2]

It was this approach, also joined by Judge Bazelon (in the alternative), which resulted in a conclusion that the case should be remanded. The three judges whose reasoning would have resulted in an affirmance joined in a re-

mand judgment to avoid impasse. The other three judges confined themselves to the view that the conviction should have been reversed.

■ The premise of some availability of treatment underlying the approach in the *Moore* judgment is not inflexible. The need for treatment can be outweighed by other policy considerations, such as those which might legitimately apply to traffickers,[3] or to persons who were not susceptible to treatment or who would, by their behavior, endanger the effectiveness of on-going treatment of others.[4]

However, the jury specifically acquitted these appellants of the trafficking charge presented by the Harrison Act count. As to possible findings that treatment would be counter-indicated, that determination remains to be made.

Appellants did not appeal on the ground of failure of the trial court to consider possibility of NARA treatment, but the *Moore* judgment indicates that defendants are not to be prejudiced because counsel pressed a more encompassing constitutional claim at a time when not precluded by applicable jurisprudence. In the case of both Harrison and *Lightfoot,* the only action taken by the trial court was that a five-year sentence was mandatory, a point pressed by the probation officer in open court in objecting to the proposal of defense counsel for a work release sentence.

However, at the January 1972 sentence proceeding, the court continued Harrison on bonded work release pending appeal. This continued in effect the work release order entered January 14, 1971, which required Harrison to continue working for the same employer he had worked for some four years prior to the arrest. Another condition required

---

2. *See* United States v. Moore, *supra,* 158 U.S. App.D.C. at ——, 486 F.2d at 1203 (Opinion of Leventhal, J.)

3. The added element of "direct harm upon other members of society." *Moore, supra,* at ——, 486 F.2d at 1257 (Opinion of Wright,

J., dissenting). *Also see* view of Judge Tamm, at 233 n. 230.

4. Actual NARA disposition requires a determination that the "addict is likely to be rehabilitated" 18 U.S.C. § 4252.

Harrison to respond to Narcotics Treatment Agency for "urinanalysis and such further treatment as may be required." The order further required him to report each evening to the Work Release Center. On renewed assurance that this Center does test for narcotics, as set forth in its printed regulations (# 17), the court ordered that Harrison's work release status be continued.

■ In view of the *Moore* judgment, and its underlying approach for an application of 28 U.S.C. § 2106 "so as to order a remand following a sentence when there is a possibility that there was a failure to give NARA dispositions full consideration"[5] it is ordered that the judgment as to Harrison be vacated and the case be remanded to assure full consideration of NARA dispositions.

While the trial court did not make similar detailed inquiry as to testing of Lightfoot, he did continue Lightfoot's work release, which also required narcotics testing, and whatever further treatment might be deemed necessary by Narcotics Treatment Agency.[6]

The convictions are affirmed. The sentences are vacated and remanded for further proceedings not inconsistent with this opinion.

So ordered.

5. Opinion by Leventhal, J. in *Moore, supra,* at ——, 486 F.2d at 1203.

6. We are aware that at trial Lightfoot claimed not to be an addict, but this may have been tactical, to buttress his claim of defense of lack of knowledge of importation. Detective Neer testified Lightfoot admitted "he was mainlining or he was strung out on narcotics". (Tr. 343). And we take into account Lightfoot's acquittal of the Harrison Act charge of distribution without tax stamps. The record before us being uncertain, we prefer to remand for consideration by the trial judge. If it should develop that Lightfoot is not an addict, or is for any other reason ineligible for NARA disposition, the five-year mandatory sentence can readily be reimposed.

BAZELON, Chief Judge, concurring:

This court has rejected a responsibility defense grounded in the compulsion of narcotics addiction, and I am bound by that decision. United States v. Moore, 158 U.S.App.D.C. ——, 486 F. 2d 1139 (D.C.Cir. 1973). I would therefore agree that the Eighth Amendment problems which inhere in applying the criminal sanction to an addict for his mere possession of narcotics are alleviated only where that application is for the purpose of providing treatment.

Current treatment facilities and philosophies are, of course, imperfect.[1] But, at present, N.A.R.A. disposition at least opens the door to the possibility of helping the addict found guilty of possession. Unlike imprisonment in an empty cell, it is related to a recognizable goal of the criminal law, that of rehabilitation.[2] Particularly with the increasing and commendable concern for available treatment facilities under N. A.R.A., see United States v. Miller, 476 F.2d 555 (D.C.Cir. 1973), this use of the criminal justice system, to the extent that it reflects an honest effort to understand and help the problems of the addict possessor, may well obviate the constitutional infirmities that mere incarceration would present. I therefore concur in the court's remand for reconsideration of sentence.

1. Indeed, the very concept of "treatment" can be abused when ineffective or repressive measures are justified on the ground that they are labelled "treatment" rather than "punishment." See, e. g., Powell v. Texas, 392 U.S. 514, 529, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968).

2. It would be difficult to say that a five year mandatory minimum sentence for mere possession by an addict satisfies any other goal of criminal justice. The nature of addiction makes the deterrent value of such a sentence doubtful at best, and, as a victimless crime, possession poses no danger to the public demanding incarceration of the offender. *See* Furman v. Georgia, 408 U.S. 238, 301–305, 92 S.Ct. 2726, 33 L.Ed.2d 346 (Brennan, J., concurring).