**UNITED STATES of America**

v.

**Clifton B. TAYLOR, Appellant.**

No. 81–2230.

United States Court of Appeals, District of Columbia Circuit.

Argued April 20, 1982.

Decided Oct. 1, 1982.

John C. Lenahan, Washington, D. C., for appellant.

Margaret Poles Spencer, Asst. U.S. Atty. with whom John A. Terry, Asst. U.S. Atty., at the time the brief was filed, Judith Hetherton, and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D. C., were on the brief, for appellee.

Before TAMM and GINSBURG, Circuit Judges, and EDMUND L. PALMIERI,* United States Senior District Judge for the Southern District of New York.

Opinion for the court filed by Circuit Judge TAMM.

TAMM, Circuit Judge:

The only issue in this case is whether the trial court erred in failing to exercise its discretion with respect to a possible sentencing disposition under Title II of the Narcotic Addict Rehabilitation Act of 1966 (NARA), 18 U.S.C. §§ 4251–4255. Because a felony charge was pending against defendant when he appeared for sentencing before the district judge, defendant was not an "eligible offender" under the Act. Therefore, the trial judge had no discretion to sentence him under NARA. The district court, not having been requested to do so, did not have a duty to consider postponing sentencing to permit defendant to attempt disposition of the pending felony charge. Accordingly, we affirm.

After a jury trial on October 29 and 30, 1981, defendant was found guilty of possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a). On November 19, 1981, United States District Judge Oliver Gasch sentenced defendant to a term of imprisonment for twenty months to five years, with a special parole term of three years, and recommended that defendant be confined in a facility with a good drug treatment program.[1] Neither defendant's

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1976).

1. No medical or other evidence was introduced at trial to prove that defendant is a drug addict, but defendant and his counsel in their state-

ment to the court and sentencing allocution referred to defendant's "drug problem." Supplemental Record (S.R.) at 3–5. The presentence report relates defendant's statements concerning his habitual drug use and relates the probation officer's discovery of track marks

counsel nor anyone else requested or even mentioned sentencing under NARA. At the time of sentencing there was a felony charge pending against defendant for possession of narcotics in violation of D.C. Code Ann. § 33–502(a) (1981).

■ NARA [2] provides for "eligible offenders" to receive rehabilitative commitment rather than penal incarceration if the judge determines that the defendant is an addict and is likely to be rehabilitated through treatment. 18 U.S.C. § 4253(a) (1976).[3] "Eligible offender" is defined as any individual who is convicted of a federal offense unless the individual falls within one or more of five exclusions. 18 U.S.C. § 4251(f) (1976).[4] If the record of the proceedings below is silent on whether the trial court considered the alternative of NARA sentencing, a case involving an eligible offender must be remanded even though the defendant failed to bring the issue to the judge's attention. *United States v. Harrison,* 485 F.2d 1008, 1010–11 (D.C.Cir.1973); *United States v. Clark,* 475 F.2d 240, 251 n.15 (2d Cir. 1973); *United States v. Hollis,* 450 F.2d 1207, 1209 (5th Cir. 1971); *United States v. Williams,* 407 F.2d 940, 945 (4th Cir. 1969). *See also Dorszynski v. United States,* 418 U.S. 424, 443, 94 S.Ct. 3042, 3052, 41 L.Ed.2d 855 (1974).[5]

■ The present case, however, involves an ineligible offender. "[A]n offender against whom there is pending a prior

---

on defendant's forearms. Brief and Appendix for Appellee at 26. The trial judge's statements while pronouncing sentence establish that he believed defendant had a drug problem. S.R. at 5–7.

**2.** In 1966 Congress enacted the Narcotic Addict Rehabilitation Act, Pub.L.No. 89–793, 80 Stat. 1438. Title I of the Act, 28 U.S.C. §§ 2901–2906, provides for civil rehabilitative commitment prior to trial of persons charged with federal crimes and for dismissal of the charges upon successful completion of the treatment. Title II, 18 U.S.C. §§ 4251–4255, provides for similar commitment of those convicted of a federal crime. Title III, 42 U.S.C. §§ 3411–3426, provides for civil commitment of those not involved in the criminal process.

**3.** Title 18 U.S.C. § 4253(a) provides in relevant part: "Following the examination provided for in section 4252, if the court determines that an eligible offender is an addict and is likely to be rehabilitated through treatment, it shall commit him to the custody of the Attorney General for treatment under this chapter . . . ."

Sentencing under NARA is not mandatory and is left to the sound discretion of the district court. *Dozier v. United States Dist. Court,* 656 F.2d 990, 992 (5th Cir. 1981); *United States v. Hart,* 488 F.2d 970, 971 (5th Cir. 1974).

**4.** The five exclusions of § 4251(f) are:

(1) an offender who is convicted of a crime of violence.

(2) an offender who is convicted of unlawfully importing or selling or conspiring to import or sell a narcotic drug, unless the court determines that such sale was for the primary purpose of enabling the offender to obtain a narcotic drug which he requires for his personal use because of his addition to such drug.

(3) an offender against whom there is pending a prior charge of a felony which has not been finally determined or who is on probation or whose sentence following conviction on such a charge, including any time on parole or mandatory release, has not been fully served: *Provided,* That an offender on probation, parole, or mandatory release shall be included if the authority authorized to require his return to custody consents to his commitment.

(4) an offender who has been convicted of a felony on two or more prior occasions.

(5) an offender who has been committed under title I of the Narcotic Addict Rehabilitation Act of 1966, under this chapter, under the District of Columbia Code, or under any State proceeding because of narcotic addiction on three or more occasions.

**5.** Of course, federal district judges need not consider NARA in literally every sentencing procedure. The judge must have reason to know that the defendant has a drug problem. In *United States v. Ross,* 464 F.2d 376, 381 (2d Cir. 1972), *cert. denied,* 410 U.S. 990, 93 S.Ct. 1507, 36 L.Ed.2d 188 (1973), the court stated that a judge must exercise his discretion where the defendant is "clearly addicted." In the present case the trial judge's statements while pronouncing sentence establish that he believed defendant had a drug problem. S.R. at 5–7. Also, the trial judge recommended that defendant be confined in a facility with a good drug treatment program. S.R. at 6. Other courts have found similar recommendations strong evidence that the trial judge believed defendant to be an addict, *United States v. Stalnaker,* 544 F.2d 725, 729 n.6 (4th Cir. 1976); *United States v. Williams,* 442 F.2d 738, 742 (D.C. Cir. 1970), which is a prerequisite for NARA sentencing. 18 U.S.C. § 4253(a) (1976).

charge of a felony which has not been finally determined" is not an eligible offender. 18 U.S.C. § 4251(f)(3) (1976). At the time of sentencing there was a felony charge pending against defendant for possession of narcotics in violation of D.C. Code Ann. § 33–502(a) (1981). Therefore, under the clear language of 18 U.S.C. § 4251(f)(3), defendant was not an eligible offender, and the trial court had no discretion to sentence defendant under NARA.[6] The trial judge, of course, could not be guilty of failing to exercise discretion that he did not possess.

It is of no consequence that an amendment of the D.C. Code reduced the pending charge against defendant to a misdemeanor on August 5, 1981. District of Columbia Uniform Controlled Substances Act of 1981, D.C. Law 4–29, § 401(c), 28 D.C.Reg. 3081, 3103, 3687 (codified at D.C.Code Ann. § 33–541(c) (Supp. 1982)). NARA section 4251(d) provides that a " '[f]elony' includes . . . any offense in violation of a law of . . . the District of Columbia . . . which *at the time of the offense* was classified as a felony by the law of the place where the offense was committed." 18 U.S.C. § 4251(d) (1976) (emphasis added). The parties agree that the pending offense was a felony when committed. Brief and Appendix for Appellee at 14; Reply Brief for Appellant at 5. Thus, it was a felony for the purposes of section 4251(f)(3).

It is also immaterial that the government entered a nolle prosequi in the pending felony case on March 5, 1982. The essential point is that at the time of sentencing there was a felony charge pending against defendant. There is no statutory requirement that the pending charge must lead to a conviction or even to a trial in order to render the defendant an ineligible offender. The dismissal of the case does not necessarily place the equities in defendant's favor; the government may have decided not to prosecute because defendant had already received a prison sentence of twenty months to five years.

Contrary to our decision today, the majority opinion in *United States v. Williams,* 407 F.2d 940, 946 (4th Cir. 1969), would require a trial court to continue the sentencing procedure for a reasonable interval to permit a defendant to attempt disposition of a pending felony charge. Judge Winter's dissent in that case, which we find convincing, argues that while there is nothing in NARA to prevent a judge from continuing the sentence procedure, it is certainly not error for a judge not to consider postponing sentencing where he is not requested to do so. *Id.* at 950–51. A district judge does not have a duty in every case "to consider the postponement of sentencing to afford counsel an opportunity to create a state of facts which may influence the district judge in sentencing to give more lenient or more humane disposition. . . . To me the burden it [would place] on district judges is insupportable." *Id.* at 951 (Winter, J., dissenting). There is nothing in section 4251(f)(3) that suggests that this burden has been or should be placed on district judges.

That defendant has a drug problem and needs rehabilitation does not justify contorting clear statutory language. As the Supreme Court noted in *Marshall v. United States,* 414 U.S. 417, 420 n.2, 94 S.Ct. 700,

---

**6.** Contrary to the government's arguments, defendant is not rendered an ineligible offender by § 4251(f)(4), which provides that "an offender who has been convicted of a felony on two or more prior occasions" may not receive an NARA sentence. In Criminal Case No. 2255 71 in the United States District Court for the District of Columbia, defendant was convicted on two counts, armed robbery and assault with a dangerous weapon, arising out of a single episode that occurred in November 1971. However, a single conviction involving two or more counts arising out of the same criminal act does not appear to be within § 4251(f)(4). The language of the section and the legislative intent indicate that criminal acts on at least two occasions, resulting in felony convictions, are required to disqualify an offender. "It is quite clear that in adopting the two-prior-felony exclusion, Congress sought . . . to exclude those whose records disclosed a 'history of serious crimes.' " *Marshall v. United States,* 414 U.S. 417, 425, 94 S.Ct. 700, 705, 38 L.Ed.2d 618 (1974). "The two-prior-felony disqualification. . .speaks to cumulative effects, the hardening of a criminal. . . ." *United States v. Bishop,* 469 F.2d 1337, 1346 n.20 (1st Cir. 1972). *See* H.R.Rep.No. 1486, 89th Cong., 2d Sess. 10–12 (1966), U.S.Code Cong. & Admin. News 1966, p. 4245.

703 n.2, 38 L.Ed.2d 618 (1974), prisoners who are not eligible for NARA sentencing may receive comparable treatment in programs under the administration of the Federal Bureau of Prisons. Although "the language defining the class of convicted criminals who are eligible for sentencing under NARA should be construed to further the broad, remedial objectives of the Act," *United States v. Stalnaker,* 544 F.2d 725, 729 (4th Cir. 1976) (Winter, J., for the court) (footnote omitted), the language of section 4251(f)(3) does not permit a construction that requires a district judge to consider postponing sentencing where he is not requested to do so.

Because defendant was not an eligible offender due to the felony charge pending against him when he was sentenced, the district judge had no discretion to sentence defendant under NARA. Accordingly, the judgment of the district court is

*Affirmed.*