**UNITED STATES of America, Appellee,**

v.

**Earl X. HOLMES, a/k/a Xavier Earl Holmes, a/k/a Gerald Jones, Appellant.**

**No. 86–2521.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1987.

Decided April 16, 1987.

Earl Holmes, pro se.

Joseph D. Mancano, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Earl X. Holmes appeals from a final order entered in the District Court[1] for the Eastern District of Missouri denying his motion pursuant to Fed.R.Crim.P. 35 for reduction or modification of his sentence. For reversal appellant argues the district court erred in failing to consider treatment under the Narcotic Addict Rehabilitation Act (NARA), 18 U.S.C. §§ 4251–55 (1982) (repealed effective Nov. 1, 1987), as an alternative to imprisonment when he made a sufficient showing that he was an addict. For the reasons discussed below, we affirm the judgment of the district court.

Appellant was sentenced in February 1986 to an aggregate term of seven years imprisonment upon his guilty pleas to four federal drug charges. The district court specified that this term should be "consecutive to the state sentence." Appellant filed a timely Rule 35 motion seeking consideration for resentencing under NARA and requesting that the district court allow his seven-year federal sentence to run concurrently with the eight-year state sentence he was then serving in a Missouri prison. Without addressing the request for alternative treatment, the district court denied appellant's motion, stating that "the aggregate [federal] sentence of seven years to be served consecutive to the state sentence is justified and proper."

■ We note first that appellant was not entitled to consideration for sentencing under NARA. Such alternative treatment is available only for an "eligible offender" who is an addict. 18 U.S.C. § 4252. The Act's definition of "eligible offender" excludes, among others, "an offender who has been convicted of a felony on two or more prior occasions." 18 U.S.C. § 4251(f)(4). Information before the district court revealed that appellant failed to qualify as an eligible offender because of his prior criminal record. The district court therefore had no discretion to sentence him under NARA. *See United States v. Taylor,* 689 F.2d 1107, 1109–10 (D.C.Cir.1982).

■ Similarly, the district court lacked authority to order appellant's federal sentence to run concurrently with his state sentence. At most, the district court could have recommended to the Attorney General that the federal time be served in the state institution concurrently with the state sentence. *Clemmons v. United States,* 721 F.2d 235, 238 (8th Cir.1983). *See also* 18 U.S.C. § 4082(a) and (b) (1982) (repealed effective Nov. 1, 1987). The district court was, however, under no obligation to make such a recommendation. The district court did not abuse its discretion in denying appellant's motion.

Accordingly, the judgment of the district court is affirmed.

---

1. The Honorable Clyde S. Cahill, Jr., United States District Judge for the Eastern District of Missouri.